498 P.2d 651

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Paul Joe MARTINEZ, Defendant and Appellant.**

**No. 12785.**

Supreme Court of Utah.

June 22, 1972.

---

James Z. Davis, Ogden, for appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Asst. Atty. Gen., Salt Lake City, for respondent.

ELLETT, Justice:

The defendant appeals from a conviction of and sentence for the crime of burglary in the second degree. He assigns two grounds of error:

(1) The evidence does not support the verdict of guilty.

(2) Evidence was obtained by a warrantless search and should have been excluded.

Two intended patrons of a beer parlor saw a long-haired man wearing a fringed buckskin coat get out of and sneak away from the cab of a truck on which was located a camper. A few moments later they saw what appeared to be the same individual crouching behind a bush in a nearby alley.

They entered the beer parlor and notified the manager, who with one of the two men went out to investigate. These two were joined by a third person, and they discovered that the truck and camper had been broken into. They obtained the name of the owner from the registration certificate.

Shortly thereafter they saw the defendant jump from a second truck parked nearby and crouch behind it. He began to run, and the men gave chase and captured him. He had long hair and was wearing a fringed buckskin jacket.

The owner of the truck and camper arrived and discovered that a stereo tape deck and two tapes were missing.

An officer placed the defendant under arrest for burglary in the second degree

and took some keys from him, one set of which was for a Ford automobile. The officer then began to search for the Ford car, which he located nearby. It was a convertible with the plexiglass rear window zipped out and lying on top of the stolen stereo tape deck and two tapes in the rear "boot" of the car. The officer testified that the articles could be seen through the plexiglass which covered them. A check revealed that the car belonged to the defendant.

The facts above stated were testified to at trial and not disputed. The defendant did not take the witness stand.

■ We think the evidence justified the judge in receiving into evidence the stereo tape deck and tapes and also justified the jury in finding the defendant guilty of burglary in the second degree.

■ In this case there was no search. There was merely a seizure of that which was in plain sight. The evidence was properly taken during an investigation of a crime and was admissible in evidence.

The judgment is affirmed.

CALLISTER, C. J., and TUCKETT, HENRIOD, and CROCKETT, JJ., concur.