501 P.2d 1212

**Marvin Joe REEVES, Plaintiff and Appellant,**

v.

**John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.**

**No. 12710.**

Supreme Court of Utah.

Oct. 13, 1972.

---

Gregory L. Bown, of Salt Lake Legal Defender Assn., Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., David S. Young, William T. Evans, Asst. Attys. Gen., Salt Lake City, for respondent.

CALLISTER, Chief Justice:

Plaintiff appeals from an order of the district court, wherein his petition for a writ of habeas corpus was denied. Plaintiff challenges the legality of his detention on the ground that the Board of Pardons, in revoking his parole, considered evidence that was the "fruit" of an unlawful search and seizure.

Plaintiff was originally convicted of burglary in the second degree in March 1963, and was sentenced to the Utah State Prison. He was paroled in May 1965 and was subsequently convicted of grand larceny, and his parole was revoked in March 1967. He was granted a parole for a second time in March 1969. In July 1970 plaintiff failed to file his monthly report with his parole officer in Ogden, Utah. The parole officer went to the home of plaintiff's mother and was informed that he had not been there for several weeks. Thereafter, the parole officer was informed that plaintiff was in Los Angeles and was involved in drugs; this information was volunteered by plain-

tiff's mother-in-law. The parole officer's supervisor thereupon authorized that plaintiff be detained on the ground of violation of the conditions of his parole, i. e., he left the State without permission and had not submitted his July report. The Adult Parole and Probation Office in Ogden notified the Salt Lake City Police Department by telephonic communication to pick up plaintiff.

Plaintiff was observed by a police officer at the airport, and was thereupon apprehended and searched. Plaintiff was discovered to be carrying heroin upon his person. Plaintiff was charged with being out of State without permission, failing to report, and having heroin in his possession; the Board of Pardons revoked his parole.

■ On appeal, plaintiff urges that the exclusive method by which a parolee may be detained for investigation of a parole violation is provided in Section 77–62–16, U.C.A.1953, i. e., pursuant to a written order issued by the Board of Pardons and certified by its secretary. He claims that he was taken into custody upon a verbal order, which constituted an unlawful arrest; therefore, the search incident to the arrest was unlawful and the evidence of the heroin found upon his person should have been suppressed at the hearing to revoke his parole.

■ Section 77–62–16, U.C.A.1953, provides:

. . . All prisoners released on parole, pursuant to the provisions hereof, shall remain in the legal custody and under the control of the chief adult parole and adult probation officer, and shall be subject at any time to be retaken to the institution from which he was paroled until such time as his sentence is terminated. Full power to retake and reimprison any convict upon parole is conferred upon the board of pardons, whose written order certified by its secretary shall be sufficient warrant for all officers authorized to make arrests, or other persons named therein, to return to actual custody any such prisoner. . . .

In McCoy v. Harris [1] this court cited the foregoing statutory provisions and stated that a parole is in the nature of a grant of partial liberty or a lessening of restrictions to a convicted prisoner. The granting of parole does not change the status of a prisoner; he is legally in custody the same as the prisoner allowed the liberty of the prison yard or working on the prison farm. Until the parolee's sentence is terminated, the judgment committing him to the custody of the prison authorities is still in effect. The parolee is still *in custodia legis*, and the rules and regulations for the conduct of a paroled prisoner are rules and regulations for control of prisoners. Violation of such

1. 108 Utah 407, 410, 413, 160 P.2d 721 (1945).

rules is similar to violation of rules within the prison, and constitutes an abuse of a privilege for which the privilege may be withdrawn. Such rules confer no legal rights.

■ The procedure outlined in Section 77–62–16, U.C.A.1953, which significantly has not been designated by the legislature as an exclusive method to apprehend a parolee, is comparable to a warrant of arrest. Plaintiff, in effect, is urging that regardless of the circumstances, a parolee, suspected of violation of the conditions of his parole, may not be detained without the issuance of a warrant of arrest. This contention appears absurd when considered in connection with the status of a parolee. A parole officer need not apply for a warrant to "arrest" a parolee who is already his prisoner and who is at all times *in custodia legis*. Insofar as is necessary for the maintenance of his parole guardianship, his status as a prisoner is no different than one who remains in confinement. A parole officer's physical apprehension of his prisoner for suspected violation of parole is not an "arrest" in the sense that a peace officer arrests a private individual who is suspected of a crime, but is merely a transfer of the subject from constructive custody into actual or physical custody. Furthermore, a parole officer may properly request police assistance in the apprehension and investigation of a parole violator. The standards governing the arrest and search of citizens possessed of full civil rights, are not applicable to the act of taking physical custody of a parolee.[2]

The return of plaintiff to the actual or physical custody of the authorities did not constitute an unlawful arrest. Since plaintiff has urged that the exclusionary rule should have been applied at his revocation hearing, it would be appropriate to acknowledge the authorities that have held that all relevant evidence may be considered in a parole revocation hearing and the exclusionary rule as to illegally obtained evidence is not applicable.[3] The order of the district court is affirmed.

TUCKETT, HENRIOD, and ELLETT, JJ., concur.

CROCKETT, J., concurs in the result.

---

2. People v. Kanos, 14 Cal.App.3d 642, 92 Cal.Rptr. 614 (1971); People v. Contreras, 263 Cal.App.2d 281, 69 Cal.Rptr. 548 (1968); People v. Prochnau, 251 Cal. App.2d 22, 59 Cal.Rptr. 265 (1967); People v. Hernandez, 229 Cal.App.2d 143, 40 Cal.Rptr. 100 (1964); People v. Denne, 141 Cal.App.2d 499, 297 P.2d 451 (1956).

3. In re Martinez, 1 Cal.3d 641, 83 Cal. Rptr. 382, 463 P.2d 734 (1970); United States ex rel. Sperling v. Fitzpatrick (CA2d 1970) 426 F.2d 1161; United States ex rel. Lombardino v. Heyd (U.S. D.C.E.D.La.1970) 318 F.Supp. 648; United ed States ex rel. Randazzo v. Follette (U.S.D.C.S.D.N.Y.1968) 282 F.Supp. 10.