Joseph Duane WARD, Plaintiff
and Appellant,

v.

Samuel SMITH, Warden and the Utah
State Board of Pardons, Defendants
and Respondents.

No. 15039.

Supreme Court of Utah.

Jan. 13, 1978.

Larry R. Keller of Salt Lake Legal Defenders Assn., Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for defendants and respondents.

HALL, Justice:

Appellant initiated a habeas corpus proceeding to set aside his parole revocation by the Utah State Board of Pardons. The district court declined to grant such relief and he appeals.

Appellant was committed to the Utah State Prison for a term of five years to life on September 30, 1968, for the crime of robbery. He was subsequently paroled on August 12, 1975, at which time various conditions were imposed. Those pertinent here read in part as follows:

*   *   *   *   *   *

6. To violate no penal law of any local, state or federal government and to be of general good behavior.

*   *   *   *   *   *

8. To avoid association with any person who has been convicted of a felony.

9. To refrain from the receipt, possession or transportation of a firearm.

On May 15, 1976, a murder-robbery was committed at a Circle K Market. In the course of the investigation thereof appellant was questioned by detectives and his parole officer who "offered" immunity in exchange for his testimony regarding the crime, providing he was not the "trigger-

man." A grant of immunity was subsequently made by two deputy Salt Lake County attorneys and the appellant, despite contrary prior assurances, informed them that he was the sole perpetrator of the crimes. This gave rise to the filing of an information against appellant charging murder in the first degree. The information was subsequently quashed by the district court which held that the grant of immunity precluded prosecution but had no binding effect upon the Utah State Board of Pardons.

The validity of the grant of immunity was the subject of an appeal to this Court[1] and we reversed, determining that under the facts of that case the grant of immunity was invalid. We further concluded that fairness and the interests of justice prevents the use of the confession obtained by the invalid grant of immunity in any subsequent prosecution. That decision necessarily limits the issue in the instant case to whether or not the confession may be used to support a parole revocation.

The Board of Pardons is created by the constitution[2] and its exclusive powers are implemented by statute.[3] It has plenary authority to conditionally release prisoners on parole.[4] Parole is a conditional release, the condition being that the prisoner make good or be returned to serve his unexpired time.[5] It is a privilege, an act of grace, as distinguished from a right. Parole is not absolute liberty as all law-abiding citizens enjoy, but only conditional liberty dependent upon compliance with parole restrictions.[6] The parolee remains in legal custody until such time as his sentence is terminated.[7]

Parole revocation is an administrative proceeding and not a criminal prosecution.[8] It stems from a clear violation of the rules and regulations imposed as a condition of parole. Invariably, freedom from criminal activity is a condition of parole, however, a conviction is not a prerequisite. On the contrary, evidence produced at trial which results in acquittal may nevertheless be used as a basis for parole revocation.[9]

The extent of judicial inquiry into parole revocation is obviously limited by the very nature of the proceeding. The plenary authority of the Board of Pardons should not be disturbed in the absence of a clear abuse of its rightful discretion.

The Board of Pardons properly used the confession as a basis for parole revocation and the fact that it was obtained by an improvident grant of immunity is of no consequence simply by reason of the fact that the appellant was a *willing* witness; he did not invoke the privilege against incrimination or refuse to testify, nor was he compelled to do so. On the contrary, he was specifically advised by his own parole officer, Myron March, that if he admitted complicity in the actual murder the Board would review his actions. His full understanding of the position he was in is clearly set forth in the transcript of the interrogation proceedings which reads in part as follows:

'IWASAKI: Myron (March), for the record at this time, why don't you state what you have told Mr. Ward concerning your part of it and just go from there.

MARCH: Okay, Joe, as you remember upstairs we talked about any action that board would take against you.

WARD: Um hum.

1. *State v. Ward,* 571 P.2d 1343, decided November 9, 1977.

2. Constitution of Utah, Article VII, Section 12.

3. U.C.A.1953, 77–62–3.

4. *Mansell v. Turner,* 14 Utah 2d 352, 384 P.2d 394 (1963); *Vrieze v. Turner,* 18 Utah 2d 233, 419 P.2d 769 (1966).

5. U.C.A.1953, 77–62–1(b).

6. *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

7. U.C.A.1953, 77–62–16; *McCoy v. Harris,* 108 Utah 407, 160 P.2d 721 (1945); *Reeves v. Turner,* 28 Utah 2d 310, 501 P.2d 1212 (1972).

8. *Morrissey v. Brewer,* supra, note 6.

9. *Short v. United States,* D.C.App., 366 A.2d 781 (1976).

MARCH: We stated that no action would be taken if you were not the person involved in the shooting . . .

WARD: Um hum.

MARCH: The one that actually shot the individual. We stated that if in fact you were that you would be taken before the Board of Pardons and any action then would be taken, but only if you were not the person involved in the actual shooting that no action would be taken. Do you remember that?

WARD: Um hum.'

Appellant chose to make his admissions of guilt as to robbery and murder with full knowledge of the effect it would have upon his parole. He went on further to admit possession of a firearm and association with other known felons. All such admissions are in clear violation of the terms of parole. The interests of justice, fairness, and public policy dictated the revocation of his parole.

Affirmed.

ELLETT, C. J., and CROCKETT, J., concur.

MAUGHAN and WILKINS, JJ., concur in result.