**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Frank Alvie COFFMAN, Defendant and Appellant.**

**No. 15370.**

Supreme Court of Utah.

Aug. 28, 1978.

---

**3.** U.C.A.1953, 20–1–7.6(d).

Ronald J. Yengich, Salt Lake City, for defendant and appellant.

Ronald W. Thompson, St. George, Robert B. Hansen, Atty. Gen., Michael L. Deamer, William W. Barrett, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

WILKINS, Justice:

Defendant appeals from his conviction on a charge of aggravated robbery. After the jury returned a verdict of guilty he was sentenced by the District Court for Washington County to an indeterminate term of five years to life in the Utah State Prison. Affirmed.

At 3:25 on February 14, 1977 the Short Stop III Market in St. George, Utah was robbed by a man with a rifle. The store clerk thereafter called the police giving them a full description of the robber and the rifle.

Just before the robbery a St. George police officer, who was sitting on a hill overlooking the city, observed a car traveling in a suspicious manner in the vicinity of the Short Stop III. The police officer lost sight of the car as it went around a corner but it reappeared ten minutes later in the same vicinity heading out of town. At this moment the officer heard on his radio about the robbery and immediately relayed the information to his headquarters regarding the suspicious vehicle.

Police roadblocks were set up at exits from the city and a car matching the description of the suspicious vehicle was stopped. The stopped car did not have any license plates and the driver, defendant, could not produce a driver's license or vehicle registration. Defendant got out of the car to talk with the police.

The Chief of Police of St. George ordered that defendant and the car's other occupant be held there until the car's ownership could be ascertained. The Chief then walked up to the car and noticed, through the open driver's door, a rifle barrel protruding from underneath the seat. The Chief pulled the rifle from under the seat and observed that it matched the description of the rifle used in the Short Stop III robbery. Defendant and his passenger were then arrested for aggravated robbery.

On appeal defendant contends that the seizure of the rifle was an unconstitutional violation of the Fourth Amendment, Constitution of the United States, and therefore the rifle should not have been admitted in evidence. Defendant also claims that he was denied a fair trial by testimony that the stopped car had no license plates and defendant had no driver's license or vehicle registration.

This Court adopted the "open view" search rule in State v. Martinez, 28 Utah 2d 80, 498 P.2d 651 (1972). In that case police observed stolen property through a convertible window which had been removed and was lying on top of the property. This Court held:

In this case there was no search. There was merely a seizure of what was

in plain sight. The evidence was properly taken during an investigation of a crime and was admissible in evidence. [498 P.2d at 652.]

 In the instant case the rifle was observed through an open door. Under *Martinez*, the seizure was proper and the rifle was admissible.

Defendant's contention that the District Court erred in admitting statements regarding the absence of license plates, registration, and a driver's license for defendant is without merit. Defendant cites Rule 45 of the Utah Rules of Evidence in support of this claimed error, contending this testimony was unduly prejudicial to defendant. The challenged testimony here established a basis for seizure of the rifle and defendant's arrest. From our review of the record, it is clear that the District Judge was within the bounds of his discretion in admitting the testimony.[1]

Other matters raised by defendant are without merit.

ELLETT, C. J., and MAUGHAN, CROCKETT and HALL, JJ., concur.

1. *State v. Montayne*, 18 Utah 2d 38, 414 P.2d 958 (1966); *State v. Lopez*, 22 Utah 2d 257, 451 P.2d 772 (1969); *State v. Kasai*, 27 Utah 2d 326, 495 P.2d 1265 (1970).