**STATE of Utah, Plaintiff and Respondent,**

v.

**C. Edward KENT, Defendant and Appellant.**

**No. 17935.**

Supreme Court of Utah.

June 16, 1983.

John T. Caine, Ogden, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

Defendant appeals his conviction of possession of a dangerous weapon by a parolee, a second degree felony.[1]

The issue presented is whether defendant's constitutional rights were offended by the removal of a loaded shotgun from his vehicle at the time of his arrest. Defendant contends that his vehicle was stopped without probable cause to believe that he had committed an offense and that the search of the vehicle was a "parole search," not made incident to an arrest. However, he fails to cite any portion of the record in support of his contentions.[2] On the other hand, plaintiff cites the record in support of its contentions that there was reasonable cause to stop the defendant and that the evidence was properly seized because it was 1) in open view, 2) taken incident to lawful arrest, or 3) justifiably taken under the automobile exception to the warrant requirement.

The record supports the following factual synopsis. On May 7, 1981, about ten peace officers from several agencies, including the

---

1. In violation of U.C.A., 1953, § 76–10–503(2).

2. In violation of Rule 75(p)(2)(2)(d), Utah R.Civ.P.; *State v. Tucker,* Utah, 657 P.2d 755 (1982).

Adult Probation and Parole Division, surrounded a trailer house located in Weber County on a tip that a prison escapee suspected of several armed robberies was inside with several parolees. During their surveillance, defendant drove up and entered the trailer. Minutes later, he returned to his car, obtained a piece of paper or an envelope and returned to the trailer. He was recognized as a parolee by Agent Lambert of the Adult Probation and Parole Division, who so informed the other officers.

The officers ordered the occupants of the trailer to surrender. Defendant came out, sounded the horn on his automobile and proceeded to drive away. The other occupants bolted from the trailer, running in different directions. Lambert advised the officers to stop and detain defendant for violation of parole occasioned by association with known felons. He was stopped, handcuffed and required to lie on the ground adjacent to his automobile. His position was such that he remained within reach of the automobile. Also, other suspects were loose in the area and firearms were being discharged.

Lambert arrived on the scene and defendant was placed under arrest by Officer Summers. Thereafter, through the open car door he observed two shotgun shells between the bucket seats. He asked defendant if he had a shotgun. Receiving no reply, he looked under the seat and observed the barrel of a sawed-off shotgun. He removed it from the car and unloaded it. Defendant was taken to jail and charged with the subject offense.

At trial, defendant waived a jury, proceeding on the theory that only a legal issue was involved, namely, the validity of the search. The defendant objected to the admission of the shotgun and shells in evidence, but stated no grounds for the objection. Prior to trial, there had been no motion to suppress the evidence, and at trial there was some confusion as to whether the court's ruling encompassed a motion to suppress. In any event, the court permitted defense counsel to argue the point as though a motion to suppress had been made. The court ruled that the arrest was lawful, having been based upon probable cause, and that the search was lawful, the arresting officer having seen the shotgun shells in open view.

In light of the facts of this case, defendant has drawn a distinction between a parolee and an ordinary citizen without a difference. Whether defendant was a "parolee" or a "citizen" was of no consequence in terms of the legality of the search incident to arrest.

■ Probable cause existed to arrest defendant in that a reliable informant had notified the peace officers of the location of an escaped convict and of other parolees. Defendant was identified as a parolee and made several trips into the trailer, and alerted the occupants thereof by sounding his car horn before attempting to leave.

Defendant's arrest was proper under the provisions of U.C.A., 1953, § 77–7–2, which authorizes a peace officer to make an arrest without a warrant for a public offense committed in his presence (in this instance, violation of parole occasioned by association with known felons), and attempted flight to avoid arrest.[3]

■ Notwithstanding defendant's contention that the shotgun shells were not in open view, the evidence at trial was to the contrary.[4] Having observed through the open car door the shotgun shells lying between the seats, and in light of the fact that other suspects were loose in the area and shots were being fired, an obvious threat to safety was presented should the vehicle contain a firearm. Therefore, it was reasonable and lawful for the arresting officer to search under the seat, where he found the sawed-off shotgun, and thus pre-

3. *Henry v. U.S.,* 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959).

4. *State v. Lee,* Utah, 633 P.2d 48 (1981); *State v. Echevarrieta,* Utah, 621 P.2d 709 (1980); *State v. Coffman,* Utah, 584 P.2d 837 (1978); *State v. Folkes,* Utah, 565 P.2d 1125 (1977);

vented the defendant or others from getting their hands on the weapon.[5]

It is also to be observed that the search of defendant's vehicle did not occur until after he had been placed under arrest at the request of Lambert. Defendant's status as a parolee, coupled with his actions in entering the trailer known to be occupied by a prison escapee and other parolees, gave rise to probable cause for his arrest. Parolees do not enjoy the same status as the general public. As this Court observed in *Ward v. Smith:*[6]

> Parole is a conditional release, the condition being that the prisoner make good or be returned to serve his unexpired time. It is a privilege, an act of grace, as distinguished from a right. Parole is not absolute liberty as all law-abiding citizens enjoy, but only conditional liberty dependent upon compliance with parole restrictions. The parolee remains in legal custody until such time as his sentence is terminated. [Citations omitted.]

We conclude that the defendant was properly arrested for violating the terms of his parole by associating with known felons, and that the search of his vehicle and seizure of the shotgun were reasonable and therefore lawful under the open view doctrine, as well as being incident to a lawful arrest.

The conviction and judgment are affirmed.

STEWART and OAKS, JJ., concur.

DURHAM, Justice (concurring in the result):

I agree with the majority opinion's conclusion that the defendant was properly arrested. I also agree that the search of his vehicle was reasonable, but not on the basis of the "open view doctrine" relied upon by the majority, because the shotgun in question in this case was not in plain or open view. However, *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), is controlling on the question of whether the search in the present case was incident to an arrest, and I join the majority opinion on that ground:

> Our reading of the cases suggests the generalization that articles inside the relatively narrow compass of the passenger compartment of an automobile are in fact generally, even if not inevitably, within "the area into which an arrestee might reach in order to grab a weapon or evidentiary ite[m]." *Chimel* [*v. California*] 395 U.S. [752] at 763 [89 S.Ct. 2034, 2040, 23 L.Ed.2d 685]. In order to establish the workable rule this category of cases requires, we read *Chimel*'s definition of the limits of the area that may be searched in light of that generalization. *Accordingly, we hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.*

*Id.* at 460, 101 S.Ct. at 2864 (citations omitted) (emphasis added).

HOWE, J., concurs in the concurring opinion of DURHAM, J.

---

State v. Martinez, 28 Utah 2d 80, 498 P.2d 651 (1972).

**5.** *State in Interest of K.K.C.,* Utah, 636 P.2d 1044 (1981); *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1959).

**6.** Utah, 573 P.2d 781 (1978); *see also Reeves v. Turner,* 28 Utah 2d 310, 501 P.2d 1212 (1972).