STATE of Utah, Plaintiff and Appellee,

v.

Jamie Lee MORENO, Defendant and Appellant.

No. 950213–CA.

Court of Appeals of Utah.

Jan. 19, 1996.

John R. Bucher (Argued), Salt Lake City, for Appellant.

Jan Graham, State Attorney General, Kenneth A. Bronston (Argued), Assistant Attorney General, Criminal Appeals Division, Salt Lake City, for Appellee.

Before DAVIS, BENCH and JACKSON, JJ.

## OPINION

BENCH, Judge:

Defendant was charged with possession of a controlled substance, a third degree felony, in violation of Utah Code Ann. § 58-37-8(2) (Supp.1991). Following the denial of his pretrial motion to suppress evidence, defendant pleaded guilty on condition that he could appeal the denial of his motion to suppress. *See State v. Sery,* 758 P.2d 935, 939 (Utah App.1988). Subsequently, the trial court granted a certificate of probable cause and stayed incarceration pending appeal. Defendant's initial appeal to this court was remanded to the trial court for findings of fact and conclusions of law as to the bases for the denial of the motion to suppress, which the trial court has now provided. Defendant appeals the trial court's findings of fact and the denial of his motion to suppress. We affirm.

## FACTS

The facts are recited in a light most favorable to the trial court's findings from the suppression hearing. *State v. Delaney,* 869 P.2d 4, 5 (Utah App.1994).

On the evening of October 23, 1991, defendant solicited a female police decoy to "party" with him for thirty-five dollars. The police decoy told defendant to follow her to a nearby hotel. Two detectives followed defendant's car into the parking lot of the hotel. At least one of the detective's vehicles had its emergency lights activated. Defendant exited his car, locked the door, and then asked the detectives what was going on. The detectives placed defendant under arrest for soliciting prostitution and handcuffed him. They then searched defendant and placed his car keys and possessions on the roof of his vehicle.

One of the detectives, Detective Harris, placed defendant in a police vehicle and began to write him a citation for soliciting prostitution. Meanwhile, the other detective, Detective Jackson, a former metro narcotics officer, peered through the window of defendant's locked car and saw a folded paper bindle on the front seat. The paper bindle appeared to be the type that, in Detective Jackson's experience, often contains cocaine. Detective Jackson informed Detective Harris of the bindle and they unlocked the car with defendant's keys and seized the paper bindle. Defendant admitted that the bindle contained cocaine, and indeed, the contents of the paper bindle tested positive for cocaine.

Defendant raises the following issues on appeal: (1) whether the trial court's findings of fact and conclusions of law are supported by the record; (2) whether the trial court's findings of fact and conclusions of law should have been entered over defendant's objections; and (3) whether the search of defendant's vehicle violated his constitutional right against unreasonable search and seizure.

## STANDARD OF REVIEW

■ The factual findings underlying a trial court's decision to grant or deny a motion to suppress evidence are reviewed under the deferential clearly-erroneous standard, and the legal conclusions are reviewed for correctness, with a measure of discretion given to the trial judge's application of the legal standard to the facts. *State v. Pena*, 869 P.2d 932, 935–40 (Utah 1994).

## ANALYSIS

### Challenge to Trial Court's Findings of Fact

■ Defendant appeals the trial court's findings of fact, claiming that they are not supported by the record. We defer to the trial court's findings of fact since they are substantially supported by the record, and therefore not clearly erroneous. *Pena*, 869 P.2d at 935–39. Defendant also claims that the trial court's findings of fact should not have been signed over his objection. While defendant did object in writing to some of the court's findings of fact, those objections are different from the objections defendant raised in his brief on appeal. It is well settled that this court will not consider issues raised for the first time on appeal unless plain error or exceptional circumstances exist. *State v. Labrum*, 881 P.2d 900, 903 (Utah App.1994), *cert. granted* 892 P.2d 13 (Utah 1995). Defendant has made no argument of plain error or exceptional circumstances. We therefore accept the facts as found by the trial court.

### Constitutionality of the Search

■ Defendant contends that the seizure of the paper bindle on the seat of his vehicle was not supported by probable cause and exigent circumstances, and therefore should have been suppressed. *State v. Larocco*, 794 P.2d 460, 470 (Utah 1990) (plurality opinion). The State argues that both probable cause and exigent circumstances existed in this case. However, we do not address that ar-gument because we agree with the State's alternative argument that the seizure of the bindle was clearly proper as a search incident to a lawful arrest.[1]

■ A warrantless arrest is authorized by Utah Code Ann. § 77–7–6(1) (1995) when a public offense is committed in the presence of any peace officer. The propriety of defendant's arrest has not been challenged. It is well settled that "a lawful custodial arrest creates a situation which justifies the contemporaneous search without warrant of the person arrested and of the immediately surrounding area." *Chimel v. California*, 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969). Such searches are necessary to remove any weapons that the arrestee might seek to use in order to resist arrest or effect his escape as well as to search for and seize any evidence on the arrestee's person or within his immediate control to prevent the concealment or destruction of evidence. *Id.*

In construing the area of "immediate control," this court has held that doubt about the arrestee's ability to access weapons or evidence in a particular area because of distance, or police restraint, does not prohibit police from properly searching that area. *State v. Harrison*, 805 P.2d 769, 784–85 (Utah App.), *cert. denied* 817 P.2d 327 (Utah 1991). In *Harrison*, the arrestee was lying on the ground guarded by officers approximately ten feet away from a diaper bag that contained a weapon. This court held that, although doubtful the arrestee could get to the bag before police intervention, the diaper bag was considered within the immediate control of the arrestee as that term had been construed by the Utah Supreme Court and the United States Supreme Court. *Id.*

Until 1981, courts throughout the country struggled to find a workable and consistent definition of "the area within the immediate control of the arrestee," when the arrestee is an occupant of an automobile. *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860,

---

1. Search incident to a lawful arrest was argued by the prosecution at the suppression hearing as follows: "It is clear [the warrantless search] falls under the cases where there was a legal lawful arrest ... certainly we feel that this [warrantless search] was appropriate, proper, and done in the process of an arrest." Although search incident to arrest was not the ground relied upon by the trial court, this court may affirm the trial court's decision on any proper ground. *State v. Elder*, 815 P.2d 1341, 1344 n. 4 (Utah App.1991).

2864, 69 L.Ed.2d 768 (1981). To put an end to the confusion surrounding the application of *Chimel* to the search of automobiles, the United States Supreme Court in *Belton* adopted the bright-line rule that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *Id. Belton* held, as a matter of law, that the interior of a recently occupied automobile is within the immediate control of the arrestee. *Id.*

Utah courts have followed *Belton* in cases when automobile occupants are lawfully arrested. In *State v. Rochell,* 850 P.2d 480 (Utah App.1993), the defendant was stopped and cited for speeding, and police noticed the defendant attempting to conceal a bag of cocaine. *Id.* at 481–82. The defendant was arrested and stood near the vehicle while the police searched the defendant's vehicle and found more cocaine. *Id.* at 482–84. The search in *Rochell* was upheld as proper under *Belton. Id.* at 484.

Similarly, in *In re K.K.C.,* 636 P.2d 1044, 1045 (Utah 1981), a police officer approached a truck and saw two open beer containers and a "roach clip" inside the vehicle. *Id.* Noticing that the juvenile inside the truck was under the influence of alcohol, the officer proceeded to search the vehicle wherein he found two bags of marijuana in the cab of the truck. *Id.* The Utah Supreme Court upheld the search of the cab, under *Belton,* as being incident to a lawful arrest. *Id.* at 1046–47.

*K.K.C.* is factually quite similar to the case at bar. However, in our case, unlike in *K.K.C.,* defendant was handcuffed and seated in the police car at the time his vehicle was searched. Nonetheless, "under *Belton* a search of the vehicle is allowed even after the defendant was removed from it, handcuffed, and placed in the squad car, or even if a single defendant was in the custody of sever-

al officers." 3 Wayne R. LaFave, *Search and Seizure* § 7.1(c), at 448–49 (3d ed. 1996) (footnotes omitted). Notably, in *United States v. Cotton,* 751 F.2d 1146, 1148 (10th Cir.1985), the court upheld a search where the defendant was handcuffed outside his vehicle, physically unable to reach contraband inside the vehicle. Relying on *Belton,* the Tenth Circuit held:

> The [*Belton*] rule . . . does not require the arresting officer to undergo a detailed analysis, at the time of arrest, of whether the arrestee, handcuffed or not, could reach into the car to seize some item within it, either as a weapon or to destroy evidence, or for some altogether different reason. The facts surrounding each arrest are unique, and it is not by any means inconceivable under those various possibilities that an arrestee could gain control of some item within the automobile. The law simply does not require the arresting officer to mentally sift through all these possibilities during an arrest, before deciding whether he may lawfully search within the vehicle.

*Id.* at 1148.[2]

In another similar case, the defendant was a parolee who was arrested in his vehicle after exiting a trailer where drugs were sold. *State v. Kent,* 665 P.2d 1317, 1318 (Utah 1983). After an officer noticed shotgun shells in open view in the vehicle, the defendant was handcuffed and required to lie on the ground adjacent to his automobile while police searched it. *Id.* The Utah Supreme Court in *Kent* held that the search was valid under either the open view doctrine or as a search incident to a lawful arrest. *Id.* at 1319.[3]

Many other jurisdictions have upheld the contemporaneous search of a vehicle incident to arrest after the defendant was handcuffed and seated in a police car, and probably

---

**2.** In a slightly different context, this court has held that the area of "immediate control" extended to the passenger compartment of a vehicle even when the arrestee had been removed to an area seemingly out of reach of the inside of the vehicle, since it is always possible that the arrestee could break away from police guard and retrieve contraband from the vehicle. *State v.* *Strickling,* 844 P.2d 979, 984–85 (Utah App. 1992).

**3.** Justice Durham concurred with the majority opinion on grounds that the search was valid as being incident to a lawful arrest under *Belton,* but invalid under the open view doctrine.

unable to access anything in defendant's car. *See, e.g., United States v. White,* 871 F.2d 41, 44 (6th Cir.1989); *United States v. Karlin,* 852 F.2d 968, 971 (7th Cir.), *cert. denied,* 489 U.S. 1021, 109 S.Ct. 1142, 103 L.Ed.2d 202 (1989); *United States v. Harris,* 617 A.2d 189, 193 (D.C.1992); *State v. Wheaton,* 825 P.2d 501, 502–03 (Idaho 1992); *State v. Edgington,* 487 N.W.2d 675, 677–78 (Iowa 1992); *State v. White,* 489 N.W.2d 792, 795–96 (Minn.1992); *see also* 3 Wayne R. LaFave, *Search and Seizure* § 7.1(c), at 448–49 (3d ed. 1996). *But see State v. Greenwald,* 109 Nev. 808, 858 P.2d 36 (1993) (holding search of motorcycle unlawful where defendant was locked in police vehicle).

A search of an automobile and its occupants pursuant to lawful arrest are proper even for a misdemeanor arrest. *State v. Harmon,* 910 P.2d 1196, 1203 (Utah 1995). Searches are also proper when the purpose for the initial stop is unrelated to contraband found in the automobile. *Rochell,* 850 P.2d at 481–84 (upholding search after defendant stopped for speeding); *see also United States v. Pino,* 855 F.2d 357, 363–64 (6th Cir.1988) (holding arrest for illegal lane change justified search of pillow case inside automobile), *cert. denied,* 493 U.S. 1090, 110 S.Ct. 1160, 107 L.Ed.2d 1063 (1990); *Traylor v. State,* 458 A.2d 1170, 1173–74 (Del.1983) (upholding search of defendant's vehicle following arrest for driving on suspended license).

Accordingly, following *Belton, K.K.C., Kent, Rochell,* and other cases cited herein, we conclude that the search of defendant's vehicle was valid. The search of the passenger compartment of defendant's vehicle was contemporaneous with his lawful arrest and, therefore, did not violate defendant's constitutional right against unreasonable search and seizure. Thus, the trial court did not err when it denied defendant's motion to dismiss.

For the aforementioned reasons, defendant's conviction is affirmed.

JACKSON, J., concurs.

DAVIS, Associate P.J., dissents.