**STATE of Utah, Plaintiff and Appellant,**

v.

**Kelly O'BRIEN, Defendant and Appellee.**

No. 970367–CA.

Court of Appeals of Utah.

June 4, 1998.

Jan Graham and Marian Decker, Salt Lake City, for Appellant.

John T. Caine, Ogden, for Appellee.

Before DAVIS, P.J., and BENCH and ORME, JJ.

## OPINION

BENCH, Judge:

The State appeals the trial court's final order dismissing the charges against Kelly O'Brien for two counts of possession of a controlled substance, one count of possession

of drug paraphernalia, and one count of an open container in a motor vehicle. The State contends that the trial court erroneously granted defendant's motion to suppress the seized evidence. We agree and reverse.

## BACKGROUND

While patrolling Interstate 15 in Davis County, Trooper David Maycock observed defendant driving a truck with a wobbly front wheel. The trooper believed the wobbly wheel was unsafe and in violation of Utah Code Ann. § 41-6-117 (1993). After the trooper initiated a stop of the vehicle, he watched defendant lean down and to his right several times. At least twice, defendant bent over so far that his head was no longer visible to the trooper. Trooper Maycock testified that he believed defendant tried to hide, or to recover, something on the passenger-side floor of the truck.

In light of defendant's furtive movements, the trooper considered the roadside stop a "potentially threatening situation." Consequently, Trooper Maycock chose not to approach the driver's side door. Instead, he called to defendant from the rear of the truck and asked defendant to step out of the vehicle. As defendant walked to the rear of the truck, Trooper Maycock determined that defendant appeared to be unarmed. The trooper requested defendant's license, which looked valid, and inquired about the wobbly wheel.

Because of continuing safety concerns, the trooper did not immediately run a computer check on the license or ask defendant to retrieve the vehicle registration from the truck. The trooper asked defendant why he reached down and to the right while stopping. Defendant said he was reaching for a cigarette. The trooper observed, however, that defendant was not smoking. The trooper next asked defendant if he had a gun, and defendant answered no. Before asking defendant for his vehicle registration, Trooper Maycock told defendant that he would like to check the truck for a weapon. As the trooper started to walk toward the truck, defendant stated that he had a shotgun inside. When the trooper looked through the right window of the truck, he saw an open bottle of beer on the floor in violation of Utah Code Ann. § 41-6-44.20(2) (1993).[1] While seizing the open container from the interior of the truck, the trooper observed a pipe with marijuana residue. In the search incident to defendant's arrest, the trooper found methamphetamine, marijuana, drug paraphernalia, and a shotgun.

In granting defendant's motion to suppress the seized evidence, the trial court upheld the validity of the initial stop. Further, the trial court stated, and defendant concedes, that the open container, if observed from a lawful position, would serve as a basis for the ensuing search. The court concluded, however, that the reason for the stop had ended before the trooper saw the open container inside the truck. On appeal, the State argues that, as a matter of law, the trooper observed the open beer bottle from a lawful vantage point during a routine traffic stop.

## STANDARD OF REVIEW

■ "The factual findings underlying a trial court's decision to grant or deny a motion to suppress evidence are reviewed under the deferential clearly-erroneous standard, and the legal conclusions are reviewed for correctness, with a measure of discretion given to the trial judge's application of the legal standard to the facts." *State v. Moreno*, 910 P.2d 1245, 1247 (Utah Ct.App.) (citing *State v. Pena*, 869 P.2d 932, 935-40 (Utah 1994)), *cert. denied*, 916 P.2d 909 (Utah 1996).

## ANALYSIS

■ "The United States Supreme Court has held that 'stopping an automobile and detaining its occupants constitute[s] a seizure' within the meaning of the Fourth Amendment." *State v. Lopez*, 873 P.2d 1127,

---

1. Section 41-6-44.20(2) provides:

A person may not keep, carry, possess, . . . or transport in the passenger compartment of a motor vehicle, when the vehicle is on any highway, any container which contains any alcoholic beverage if the container has been opened, its seal broken, or the contents of the container partially consumed.

Violation of this section is a class C misdemeanor. *See* Utah Code Ann. § 41-6-12 (1993).

1131 (Utah 1994) (quoting *Delaware v. Prouse,* 440 U.S. 648, 653, 99 S.Ct. 1391, 1396, 59 L.Ed.2d 660 (1979)). However, a traffic stop is like the brief investigatory stop described in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In carrying out such a stop, a law enforcement officer must meet a two-part test to overcome the Fourth Amendment's prohibition against unreasonable searches and seizures. *See State v. Case,* 884 P.2d 1274, 1276 (Utah Ct.App. 1994). "First, the officer's initial stop must be justified; second, subsequent actions must be within the scope of the circumstances justifying the stop." *Id.* (citing *Terry,* 392 U.S. at 19–20, 88 S.Ct. at 1879).

In this case, the first part of the test is not at issue. The trooper observed defendant driving a truck with a wobbly front wheel. Neither party contests the trial court's finding that this observation gave the trooper reasonable cause to stop the vehicle and determine whether a safety violation occurred. Therefore, the traffic stop was justified at its inception. *See Terry,* 392 U.S. at 19–20, 88 S.Ct. at 1879.

■ The second part of the test is whether the officer's subsequent actions are reasonably within the scope of the circumstances justifying the stop. *See id.* "When a stop is made, the detention 'must be temporary and last no longer than is necessary to effectuate the purpose of the stop.'" *City of St. George v. Carter,* 945 P.2d 165, 169–70 (Utah Ct.App.1997) (quoting *Florida v. Royer,* 460 U.S. 491, 500, 103 S.Ct. 1319, 1325, 75 L.Ed.2d 229 (1983)), *cert. denied,* 953 P.2d 449 (Utah 1998). When making a routine traffic stop, an officer may request a driver's license and vehicle registration, conduct a computer check, and issue a citation. *See, e.g., Lopez,* 873 P.2d at 1132. However, an officer should not further detain a driver "'once the driver has produced a valid driver's license and evidence of entitlement to use the vehicle.'" *Id.* (quoting *State v. Robinson,* 797 P.2d 431, 435 (Utah Ct.App.1990)). The officer must support any additional investigative questioning with a reasonable "suspicion based on specific, articulable facts drawn from the totality of the circumstances

facing the officer at the time of the stop." *Id.*

■ Here, the trooper observed defendant bending over to the right several times while pulling over. The trooper's determination that defendant appeared unarmed while outside the truck and that defendant produced what appeared to be a valid driver's license did not dispel his heightened safety concerns. Consequently, the trooper could not safely proceed with his routine practice of verifying vehicle ownership by asking defendant to retrieve the registration from the truck. As a safeguard, the trooper looked into the truck before asking defendant to retrieve the vehicle registration. Trooper Maycock therefore properly pursued a means of investigation that was likely to quickly confirm or dispel his suspicion that defendant may have hidden a gun in the vehicle. *See Lopez,* 873 P.2d at 1132 (citing *State v. Grovier,* 808 P.2d 133, 136 (Utah Ct.App.1991) (quoting *United States v. Sharpe,* 470 U.S. 675, 686, 105 S.Ct. 1568, 1575, 84 L.Ed.2d 605 (1985))).

In light of defendant's furtive movements, his questionable explanation of those movements, and his admission that he had a gun in the truck, the trooper took reasonable, non-intrusive, precautionary actions to ensure his own safety. *See Adams v. Williams,* 407 U.S. 143, 148, 92 S.Ct. 1921, 1924, 32 L.Ed.2d 612 (1972); *Terry,* 392 U.S. at 24, 88 S.Ct. at 1881. While still proceeding with the investigatory stop, the trooper had not yet had a safe opportunity to check the vehicle registration. Because the stop was ongoing and the trooper's visual inspection of the truck was necessary to ensure his safety, the inspection did not exceed the scope of a routine traffic stop.

■ Furthermore, the trooper's subsequent seizure of the beer bottle was justified because the open container was in plain view and immediately incriminating. "A seizure is valid under the plain view doctrine if (1) the officer is lawfully present, (2) the item is in plain view, and (3) the item is clearly incriminating." *State v. Shepard,* 955 P.2d 352, 357 (Utah Ct.App.1998). As discussed previously, Trooper Maycock saw the open container inside when he approached defendant's truck during a lawful traffic stop. Because the

trooper did not violate the Fourth Amendment "in arriving at the place from which the evidence could be plainly viewed" and the beer bottle was in plain view and immediately incriminating, the trooper had probable cause to arrest defendant and lawfully seize the evidence. *United States v. Naugle*, 997 F.2d 819, 822 (10th Cir.), *cert. denied*, 510 U.S. 997, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993). The trial court therefore erred in concluding that the trooper had no right to approach the vehicle because the reason for the stop had terminated.

## CONCLUSION

We hold that the trial court erred in concluding, as a matter of law, that the traffic stop was complete before Trooper Maycock saw the open beer bottle inside defendant's truck. Accordingly, the trooper lawfully observed the open container, and the trial court should not have suppressed the seized evidence.

We therefore reverse the trial court's suppression order and remand this case for trial.

ORME, J., concurs.

DAVIS, P.J., concurs in the result.