**Darwin MURPHY, Petitioner-Appellee,**

v.

**John W. TURNER, Warden, Utah State Prison, Respondent-Appellant.**

No. 565–69.

United States Court of Appeals,
Tenth Circuit.

May 8, 1970.

Lauren N. Beasley, Chief Asst. Atty. Gen., Salt Lake City, Utah (Vernon B. Romney, Atty. Gen., Salt Lake City, Utah, on the brief), for appellant.

H. R. Waldo, Jr., Salt Lake City, Utah, for appellee.

Before PICKETT, Senior Circuit Judge, and LEWIS and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

This is an appeal brought by the Warden of the Utah State Prison seeking review of the lower court's action in granting appellee Murphy's application for writ of habeas corpus.

The basic issue presented by this appeal is whether a person on remandatory release is entitled to the traditional rules of due process at the post-revocation proceeding required by state statute.

Murphy was serving a term for forgery in the Utah State Prison. He was

placed on remandatory release by the Utah State Board of Pardons and while on parole he was arrested and charged with the crime of rape.

Accordingly, Murphy's parole was revoked and he was given a hearing before the Board. The ground cited by the Board for parole revocation was the rape charge pending against Murphy. The Board affirmed the revocation of parole but continued the hearing with Murphy's consent for final determination until disposition of the pending rape charge had been effected.

Murphy demanded a speedy trial on the rape charge pursuant to the Utah implementing statute and the time provided for therein expired before Murphy was tried. Accordingly, the rape charge was dismissed.

The Board then reconvened in the presence of Murphy and his appointed counsel for the purpose of hearing the evidence against Murphy upon which the charge of rape had been based. During the proceedings a recorded statement was introduced which was made by Murphy to the Salt Lake Police in which he admitted having intercourse with the victim of the rape but denied that she was within the protected age range of statutory rape or that he had forcibly raped her.

Murphy's counsel moved to dismiss the proceeding on the ground that the rape charge had been dismissed and therefore was no longer pending as alleged. The Board overruled the motion and proceeded to hear unsworn witnesses, a recorded statement made by the rape victim and police records in the nature of reports kept at the police station. Counsel for Murphy made timely objection to the foregoing procedure, but was overruled. The Board approved the revocation.

Murphy then filed an application for writ of habeas corpus in the lower court. An order to show cause was issued and an evidentiary hearing held.

At the conclusion of the hearing the court made findings of fact which essentially conform to those above set out.

The lower court also made the following pertinent conclusions of law:

"(3) In connection with the proceedings before the Utah State Board of Pardons relating to the revocation of petitioner's parole, petitioner's constitutional rights have been violated in that such proceedings were not fair in accordance with constitutional standards of due process, equal protection of the laws and the privileges and immunities afforded citizens of the United States as provided in the Fourteenth Amendment to the United States Constitution.

"(4) Petitioner is being unconstitutionally detained at the Utah State Prison by virtue of the revocation of his parole and he should be released and discharged forthwith by the Warden of the Utah State Prison and all other persons causing or contributing to his continued detention; subject, however, to the terms and conditions of the parole granted to him on or about March 15, 1966."

Murphy was ordered released subject to the conditions of his previous parole.

 In relation to the conclusions of law of the lower court, we, as an appellate court, may exercise our independent judgment where there is no dispute in the evidence. Crutcher v. Joyce, 146 F.2d 518 (10th Cir. 1945).

The parole procedure is a statutory function delegated to the executive branch of state government by the legislative body. Unlike probation granted by the judicial branch of government, parole has been recognized as a grace given the executive branch by the legislative branch wherein clemency is awarded for humanitarian reasons.

 A state prisoner is entitled to federal habeas relief only when rights guaranteed by the Constitution of the United States have been denied him. Hickock v. Crouse, 334 F.2d 95 (10th

Cir. 1964), cert. denied, 379 U.S. 982, 85 S.Ct. 689, 13 L.Ed.2d 572 (1965).

In our recent decision in Alverez v. Turner, 422 F.2d 214 (filed February 20, 1970), we had occasion to consider the question of the application of due process to parole hearings under Utah law. The lower court in *Alverez* held that the parole hearings therein were unconstitutional because each petitioner was denied the right to have witnesses under oath and evidence presented, to be confronted by accusers, to cross-examine and to have compulsory process.

In *Alverez* we squarely faced the question of whether parole hearings command the above mentioned rights. We concluded that because of the Board of Pardon's access to various sources of information concerning a parolee and the resulting familiarity with his case history a parole hearing is removed from the courtroom ambit and much more emphasis is placed on the discretion of the Board. Accordingly, we held that the due process clause of the fourteenth amendment does not, in parole hearings, require the rights to confrontation, cross-examination, compulsory process nor the rights to witnesses under oath and evidence. *See also*, Gonzales v. Patterson, 370 F.2d 94 (10th Cir. 1966).

*Alverez* also stands for the proposition, however, that while parole hearings do not require the specifics of due process such hearings must meet the general fairness required of all compulsive processes. This includes the right to know and be informed of the charges and evidence, the right to be heard, and the right to be free from pure caprice in the conduct of the hearing.

A review of the record convinces us that the hearing in the case at bar did not deny Murphy any of these rights. He was informed of the charges and the nature of the evidence against him. Also he was present and was given the opportunity to be heard.

*Alverez* is dispositive of the issue brought to us by Murphy. *Alverez* tells us that the specifics of due process

are not required in parole hearings and in reviewing such hearings our function is only to insure that general standards of fairness are met. This we have done and in so doing we must affirm the action of the Board.

The conclusion of the lower court in granting a release or discharge forthwith subject to the terms of the previous parole is not only an invasion of the executive clemency field of the state but seems inconsistent with the habeas remedy.

Reversed.