502 P.2d 116

**Gary King BRIMHALL, Plaintiff and Appellant,**

v.

**John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.**

No. 12638.

Supreme Court of Utah.

Oct. 19, 1972.

.David P. Rhode, of Salt Lake Legal Defender Ass'n, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., David S. Young and David R. Irvine, Asst. Attys. Gen., Salt Lake City, for respondent.

CROCKETT, Justice:

Plaintiff Gary King Brimhall, serving sentences in the Utah State Prison under convictions for rape and second-degree burglary, and now recommitted there for violations of his parole, sought release under habeas corpus. The district court made findings and judgment rejecting his contentions: (1) that he had been denied the procedural protections the law entitles him to, and (2) that there was insufficient evidence to justify revoking his parole. He appeals.

On May 20, 1969, plaintiff was granted parole by the Board of Pardons. In October of that year, after he had been charged with an assault to commit rape, the Board revoked his parole. However, pursuant to complaint about the propriety of that action, the Board obtained counsel for the plaintiff and thereafter held a hearing on November 12 on the issues as to his parole violation. No ruling was made, but it was deferred pending the outcome of the assault charge. That charge was later dismissed on the ground that it was not prosecuted within 90 days after he demanded trial as prescribed by Sec. 77–65–1 and 2, U.C.A.1953. Subsequently, in February 1970, the Board acted upon and confirmed its prior order revoking his parole when neither he nor his counsel was present.

*Propriety of Procedure*     *Sufficency of Evidence.* · · · .:

When one has been convicted, he is no longer entitled to the presumption of innocence, nor to other protections which the law affords one who has only been accused of crime.[1] Even though he has been placed on parole, he is deemed to be actually serving the sentence imposed, and is in a sense in the extended custody of the prison authorities.[2] Nevertheless, we concede the following: that one placed on parole has gained a favored status; that it has been granted on certain conditions of good behavior; that the promise thus made to him should be honored; and that he should have a right to rely thereon so long as he keeps his part of the bargain; and if a question arises with respect thereto, he is entitled to certain minimal procedural protections to have the issues determined. These include that he should have a written notice wherein he was charged with failure, be given an opportunity to answer, be apprised of the evidence against him, have the privilege of cross-examining witnesses, and of being heard, if he so desires, and be entitled to a fair and reasonable consideration and adjudication thereon by proper authority, as opposed to one which is demonstrably capricious or arbitrary.[3]

Plaintiff bases his argument as to the insufficiency of the evidence on the proposition that because the parole revocation proceeding involved (and he says principally) the charge against him of assault with intent to commit rape, and it was dismissed, it follows that there was no basis for revoking his parole. In regard to that contention we make these observations. First, we acknowledge the mere fact that there has been an accusation of crime should give rise to no presumption adverse to the plaintiff. However, the reverse of that proposition is also true, the mere fact that such a charge was dismissed, or even that he may not have been convicted upon a trial, does not necessarily mean that there was not sufficient misconduct shown to justify revocation of his parole. This is more especially so when it affirmatively appears, as it does here, that the basis of the dismissal was not on the merits of the case.

The plaintiff having presented his case upon the proposition stated above, the full record of the parole revocation hearings is not before us. There is some indication that there was some other misconduct involved, including his drinking.

1. Murphy v. Turner, 426 F.2d 422 (10th Cir.); Alverez v. Turner, 422 F.2d 214 (10th Cir.).

2. See Sec. 77–62–16, U.C.A.1953, quoted and commented on in Reeves v. Turner, 28 Utah 2d 310, 501 P.2d 1212, our case No. 12710, October 1972.

3. See cases in footnote 1 above and see Baine v. Beckstead, 10 Utah 2d 4, 347 P. 2d 554.

**324**

In the absence of an affirmative showing to the contrary we assume that the Board of Pardons acted properly, and the burden of showing to the contrary was upon the plaintiff.[4] Upon our review of the record, in the light favorable to the trial court's finding,[5] and what we have said above, we have perceived therein no justification for upsetting the findings of the trial court rejecting plaintiff's contentions that he had been denied proper procedural protections and that the evidence was insufficient to justify revoking his parole.

Affirmed.

CALLISTER, C. J., and TUCKETT, HENRIOD, and ELLETT, JJ., concur.

4. As to plaintiff's claim that with the dismissal of the rape charge against him there were no grounds upon which his parole could be revoked: the court is not limited to this self-serving statement, rather it may rely on other grounds upon which to revoke his parole. See Brown v. Turner, 21 Utah 2d 96, 440 P.2d 968.

5. Velasquez v. Pratt, 21 Utah 2d 229, 443 P.2d 1020; Maxwell v. Turner, 20 Utah 2d 163, 435 P.2d 287.