508 P.2d 815

**Robert HANKS, Plaintiff-Appellant,**

**v.**

**John W. TURNER, Warden, Utah State Prison, Defendant-Respondent.**

**No. 13088.**

Supreme Court of Utah.

April 11, 1973.

Bruce C. Lubeck of Salt Lake Legal Defender Assn., Salt Lake City, for plaintiff-appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

Robert Hanks was found guilty of grand larceny by a jury in the Second District Court in Davis County on March 12, 1972, consequent to a trial in which he was repre-

5. General Freight Trans. Co. v. Riss & Company (C.A.7th 1960), 284 F.2d 836, 842.

sented by competent counsel, Alfred C. Van Wagenen. No appeal was taken and he was committed to the Utah State Prison. He filed this petition in habeas corpus seeking his release and/or to be allowed to file an untimely appeal. Upon a trial the district court made findings adverse to his contentions and entered judgment thereon. He appeals.

The basis of his petition is that after the trial he was not advised by either his attorney or by the court that he had a right to appeal. The only evidence in support of his contention is his own testimony to that effect. As opposed thereto, his attorney, Mr. Van Wagenen, testified that he had a definite recollection of discussing with and advising petitioner of his right to appeal, but no desire to do so was expressed.

 The proceedings at the trial where the defendant was convicted are presumed to be proper; and the burden was upon the petitioner to show otherwise. It was the prerogative of the trial court to judge the credibility of the witnesses and to determine the facts. He was not obliged to believe the self-serving testimony of the petitioner; and he chose to believe the testimony of the attorney. See Brimhall v. Turner, 28 Utah 2d 321, 502 P.2d 116, and Schad v. Turner, 27 Utah 2d 345, 496 P.2d 263 (1972). This is not surprising when it is considered in the light of the total fact situation shown by the record, including

that the petitioner had previously twice been convicted of felony.

Affirmed. No costs awarded.

CALLISTER, C. J., and HENRIOD, ELLETT and TUCKETT, JJ., concur.