The STATE of Utah, Plaintiff and Respondent,

v.

Glen BULLOCK, Defendant and Appellant.

No. 15626.

Supreme Court of Utah.

Jan. 4, 1979.

Jack W. Kunkler of Salt Lake Legal Def. Assn., Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

Bullock was co-defendant with one Austin in an aggravated robbery charge, incident to a holdup at the Carlton Hotel. He was convicted as charged, and appealed. We affirm the conviction.

All of the issues concerning the search and seizure raised by Bullock were at issue in the appeal of Bullock's co-defendant, one Austin. That case[1] disposed of the same search and seizure issues, and is controlling here.

Bullock raises an additional issue viz., double jeopardy.

Bullock was on probation at the time of his arrest, and his probation was revoked prior to trial. Bullock claims this defense, because the same elements used to justify revocation of his probation were used to convict him of the crime. Such a point has no merit.[2] A person on parole or probation, who commits crime, may have his limited liberty canceled; and also be punished for the new crime. Such does not violate our constitution, Art. I, Sec. 14.[3]

ELLETT, C. J., and WILKINS, CROCKETT and HALL, JJ., concur.

1. *State of Utah v. Austin*, Utah, 584 P.2d 853 (1978).

2. *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

3. See also *State v. Montgomery*, 3 Or.App. 555, 474 P.2d 780 (1970); *Brimhall v. Turner*, 28 Utah 2d 321, 502 P.2d 116 (1972), and *Standlee v. Smith*, 83 Wash.2d 405, 518 P.2d 721 (1974).