414 So.2d 658 (1982)
John CAVALCANTE, Appellant,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Appellee.
No. AI-179.
District Court of Appeal of Florida, First District.
June 4, 1982.
Dewey A.F. Ries, Fort Lauderdale, for appellant.
Malcolm S. Greenfield, Gen. Counsel, Tallahassee, for appellee.
McCORD, Judge.
Appellant appeals the Florida Parole and Probation Commission's revocation of his parole due to violation of Condition 8 which required that he live and remain at liberty without violating any law. The revocation was based upon two alleged crimes committed by appellant, one of which resulted in a jury finding of not guilty and the other was disposed of by a directed verdict of not guilty. We affirm.
*659 Appellant contends the Commission violated the principles of collateral estoppel, res judicata, or double jeopardy in convicting him on a parole violation for the same charges for which a jury and court found him not guilty. The argument made by appellant was considered by the Supreme Court of Florida in Russ v. State, 313 So.2d 758 (Fla. 1975), in which the court concluded that an acquittal in a criminal case does not preclude a judge from determining, within his discretion, that a parole or probation violation has occurred based on the same conduct for which the defendant was found not guilty of a criminal offense. On the basis of Russ v. State and the decisions cited therein, we affirm.
ROBERT P. SMITH, Jr., C.J., and BOOTH, J., concur.