Sarah Ann **ANDERSON**, Plaintiff,

v.

The **INDUSTRIAL COMMISSION OF UTAH, Department of Employment Security, Barco of Utah, State Insurance Fund, and Second Injury Fund, Defendants.**

No. 19128.

Supreme Court of Utah.

Feb. 15, 1985.

---

**3.** The latest of our pronouncements appears in *State v. Fisher*, Utah, 680 P.2d 35 (1984).

Thom D. Roberts, Salt Lake City, for plaintiff.

Frank V. Nelson, James R. Black, Gilbert A. Martinez, Salt Lake City, for defendants.

STEWART, Justice:

In 1978 the plaintiff, Sarah Anderson, injured her knee while working for Barco of Utah, a defendant. The injury necessitated a knee operation, and plaintiff applied to the Industrial Commission for worker's compensation benefits. Barco's insurer, the State Insurance Fund, settled with appellant.

After the operation, plaintiff's knee did not heal and she missed several months of work. A degenerative condition in her knee caused it to deteriorate, necessitating two more operations. In 1980 she applied to the Industrial Commission for additional compensation. A medical panel found a 17.5% permanent partial physical impairment, which was caused partly by the industrial accident, and partly by a pre-existing degenerative knee condition. The panel further found that after the first knee surgery, plaintiff's knee condition should have stabilized in three months, and that any temporary total disability after three months was due to the pre-existing degenerative knee condition. The administrative law judge, Judge Foley, adopted the medical panel's findings, and ordered compensation for thirteen weeks for temporary total disability and found a 17.5% permanent partial disability.

The plaintiff objected to the findings as erroneous, and Judge Foley granted a further hearing as allowed by statute. U.C.A., 1953, section 35–1–82.53 (Supp. 1983). At the hearing, the plaintiff adduced the testimony of her personal physician, Dr. McQueen. We are unable to review this testimony because the transcript of that hearing has been lost. The plaintiff asserts that Dr. McQueen testified that the medical panel set plaintiff's permanent partial impairment rating too low and improperly based its finding of the time required for stabilization on normal recovery rates.

Section 35–1–82.53 provides that when a case is reopened and a further hearing held, the administrative law judge will enter a supplemental order. However, after the second hearing Judge Foley neither reaffirmed nor modified his previous findings and order, nor did he enter a supplemental order, although counsel for plaintiff requested him to do so.

Judge Foley retired in July or August, 1982, and was succeeded by Mr. Timothy Allen, who had been counsel for the Second Injury Fund when this case was argued before Judge Foley. In January, 1983, Judge Allen issued an order reaffirming the previous order and dismissing plaintiff's objections to the court's findings. Plaintiff sought review by the Industrial Commission, which declined to hear the matter.

We need not consider all plaintiff's arguments on appeal, since one is dispositive.

■■■ It was error for Judge Allen to preside in this case, since he was formerly an attorney for one of the parties. One of the fundamental principles of due process is that all parties to a case are entitled to an unbiased, impartial judge. "A fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison,* 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed.2d 942 (1955). Fairness requires not only an absence of actual bias, but endeavors to prevent even the possibility of unfairness.

■■■ This principle applies with as much force to administrative proceedings as it does to judicial trials. *Gibson v. Berryhill,* 411 U.S. 564, 579, 93 S.Ct. 1689, 1698, 36 L.Ed.2d 488 (1973); *Vali Convalescent & Care Institution v. Industrial Commission,* Utah, 649 P.2d 33, 37 (1982). Utah law requires a trial judge to disqualify himself if he has previously appeared as an attorney in the case. U.C.A., 1953, section 78–7–1(3). Although this statute does not literally apply to administrative proceedings, the principle it embodies is a useful and persuasive guide in reviewing administrative proceedings. *See* 3 K. Davis, *Administrative Law Treatise* section 196 (2d ed. 1980).

In *Amos Treat & Co. v. Securities and Exchange Commission,* 306 F.2d 260 (D.C. Cir.1962), the court held that an SEC commissioner should not have participated in revocation proceedings, since he formerly had been responsible for initiating and conducting the investigation of the company subject to revocation. The court stated:

" 'The fundamental requirements of fairness in the performance of [quasi-judicial] functions require at least that one who participates in a case on behalf of any party ... take no part in the decision of that case by any tribunal on which he may thereafter sit.' " *Id.* at 264 (*quoting Trans World Airlines v. Civil Aeronautics Board,* 254 F.2d 90, 91 (D.C.Cir.1958)).

■■■ In other words, when a judge has previously been involved in a case as an attorney, there is no need to show actual prejudice. The law presumes prejudice in such circumstances. Judge Allen should have disqualified himself in this case.

The defendants acknowledge that Judge Allen should not have acted in this case, but argue that the error was harmless because it did not affect the outcome in the case. Specifically, they argue that Judge Allen's written order merely memorializes what Judge Foley had already decided at the close of the second hearing. They assert that Judge Foley ruled from the bench that the plaintiff's objections were dismissed and that the medical panel's findings would not be modified.

The record does not support the defendants' factual assertions. As noted earlier, the transcript of the second hearing was lost, and hence the record does not reflect what Judge Foley said at the close of the second hearing. Although Judge Allen's order states that "it appears from the file that [plaintiff's] counsel was advised ... at the termination of the hearing" that his objections were dismissed, we find nothing in the record to support this statement.

We therefore set aside the Commission's order and remand this case for submission of the issue to another administrative law judge.

Reversed and remanded.

HALL, C.J., and DURHAM, HOWE and ZIMMERMAN, JJ., concur.