Steven M. JOHNS, Plaintiff
and Appellant,

v.

Kenneth V. SHULSEN, Warden of the
Utah State Prison; David Wilkinson,
Attorney General of the State Utah;
John Does 1–4, Utah State Board of
Pardons Employees; et al. Defendants
and Respondents.

No. 20735.

Supreme Court of Utah.

April 21, 1986.

Philip G. Jones, Orem, for plaintiff and
appellant.

David L. Wilkinson, Atty. Gen., Carlie
Christensen, Salt Lake City, for defendants
and respondents.

ZIMMERMAN, Justice:

This is an appeal from an order dismissing appellant Steven M. Johns' petition for a writ of habeas corpus. Appellant's primary contention is that his acquittal of charges in a criminal prosecution precludes, by collateral estoppel, a subsequent finding in an administrative parole revocation proceeding that he did commit the offenses. We reject appellant's contention and hold that his parole was properly revoked. We further find that the revocation does not violate appellant's right not to be twice put in jeopardy for the same offense, as guaranteed by federal and state constitutions. *See* U.S. Const., 5th amend.; Utah Const. art. I, § 12.

Appellant Johns was paroled from the Utah State Prison on June 8, 1982, after serving approximately three and one-half years of an indeterminate sentence for aggravated sexual assault and aggravated kidnapping. Approximately six weeks later, Johns was arrested by agents of Adult Probation and Parole and charged with aggravated sexual assault, two counts of sodomy, and possession of a dangerous weapon by a restricted person. At a criminal trial in October of 1982, Johns was acquitted on the weapons charge, but the jury could not reach a verdict on the other charges. In November, Johns was retried on the three remaining charges and acquitted. In December 1982, Adult Probation and Parole charged Johns with violating the conditions of his parole, based upon allegations of the conduct for which he had been tried and acquitted in October and November. A formal revocation hearing was held before the Board of Pardons on February 5, 1983; Johns was represented by counsel and was permitted to present evidence and call witnesses on his own behalf. At the conclusion of the hearing,

the Board of Pardons found that Johns had violated the conditions of his parole by having committed the offenses of aggravated sexual assault, sodomy, and possession of alcohol.

Two years later, in February of 1985, Johns sought a writ of habeas corpus, alleging numerous errors and the denial of several constitutional rights. A hearing was conducted on April 5, 1985, before the District Court for the Third Judicial District. The parties separately briefed the issue of whether an acquittal in a criminal prosecution precludes a subsequent parole revocation proceeding based upon the same offenses. The trial court rejected all of Johns' claims.

Reviewing appellant's *pro se* papers, it is rather difficult to determine the precise nature of all his claims, however, Johns' principal contention is that the Board of Pardons violated the double jeopardy prohibitions of the fifth amendment to the United States Constitution and article I, section 12 of the Utah Constitution when it revoked his parole on the basis of a finding of guilt on the same charges of which Johns was acquitted after a full trial. We have previously held that no double jeopardy problem is presented when a defendant is convicted of criminal charges and those same facts are used as grounds for revoking the defendant's parole. *State v. Bullock*, Utah, 589 P.2d 777 (1979) (relying upon *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)). We have also held that dismissal of criminal charges on procedural grounds does not suffice to establish that a board decision to revoke parole based on the same conduct lacks sufficient evidence to support it. *Brimhall v. Turner*, 28 Utah 2d 321, 323–24, 502 P.2d 116, 117–18 (1972). Johns' argument, however, goes one step beyond these precedents. He contends that an acquittal on the criminal charges operates as collateral estoppel on the same factual issues when they are brought before the Board of Pardons.

The leading case on the issue is *Standlee v. Rhay*, 557 F.2d 1303 (9th Cir.1977). There, the defendant was acquitted in a bench trial of criminal charges. A parole revocation hearing was then convened to independently weigh the same evidence. The board found by a preponderance of the evidence that the defendant was guilty of six parole violations and revoked his parole. The *Standlee* court acknowledged that "collateral estoppel is embodied in the fifth amendment guarantee against double jeopardy, *Ashe v. Swenson*, 397 U.S. 436 [90 S.Ct. 1189, 25 L.Ed.2d 469] (1970), and is applicable to the states through the fourteenth amendment's due process clause, *Benton v. Maryland*, 395 U.S. 784 [89 S.Ct. 2056, 23 L.Ed.2d 707] (1969)." 557 F.2d at 1305. However, it concluded that collateral estoppel had no application in parole revocation proceedings for two reasons. First, the sanctions for violation of parole are remedial in nature, rather than punitive. Second, the burden of proof in a criminal proceeding is beyond a reasonable doubt, whereas the Board of Pardons had only to find a violation by a preponderance of the evidence.[1]

With all deference to the Ninth Circuit, in the context of a collateral estoppel analysis we do not see what relevance there is in considering the differing sanctions available in the criminal prosecution and the parole revocation hearing. Admittedly, this distinction is important in determining what procedural elements are necessary to satisfy due process, *Morrissey v. Brewer*, 408 U.S. at 489, 92 S.Ct. at 2604; however, once that issue has been resolved, the distinction is no longer pertinent. Rather, the collateral estoppel analysis turns only upon the difference in the standard of proof in the two proceedings.

---

1. The analysis used by the Ninth Circuit in *Standlee* was derived from a United States Supreme Court decision, *One Lot Emerald Cut Stones v. United States*, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1971), which held that a civil forfeiture proceeding was not barred by an earlier acquittal of criminal charges because of the difference in the types of sanctions imposed and in the burdens of proof.

 It is well established that parole revocation is civil, rather than criminal, in nature. *See Morrissey v. Brewer*, 408 U.S. at 480, 92 S.Ct. at 2599; *In re Dunham*, 16 Cal.3d 63, 127 Cal.Rptr. 343, 545 P.2d 255, 76 A.L.R.3d 571 (1976). *See also* 67A C.J.S. *Pardon and Parole* § 69. In *Ward v. Smith*, Utah, 573 P.2d 781 (1978), we held as follows:

> Parole revocation is an administrative proceeding and not a criminal prosecution. It stems from a clear violation of the rules and regulations imposed as a condition of parole. Invariably, freedom from criminal activity is a condition of parole, however, a conviction is not a prerequisite. On the contrary, evidence produced at trial which results in acquittal may nevertheless be used as a basis for parole revocation.

573 P.2d at 782 (citations omitted). It is universally recognized that the standard of proof in civil actions is by a preponderance of the evidence. *Morris v. Farmers Home Mutual Insurance Co.*, 28 Utah 2d 206, 209, 500 P.2d 505, 507 (1972). Therefore, we hold that in Utah, a parole violation may be established by a preponderance of the evidence. *See Standlee v. Rhay*, 557 F.2d at 1305–06. By contrast, in a criminal prosecution every element of the offense must be established beyond a reasonable doubt. U.C.A., 1953, § 76–1–501(1) (Repl. Vol. 8B, 1978). Therefore, the failure of the State to prove the elements of the charged crime beyond a reasonable doubt cannot logically estop another fact finder, here the Board of Pardons, from finding that those same elements were proven by a preponderance of the evidence. This conclusion is supported by decisions from other jurisdictions. *See, e.g., State v. Disalvo*, R.I., 453 A.2d 1103 (1982); *Avery v. State*, Alaska, 616 P.2d 872 (1980); *Johnson v. State*, 240 Ga. 526, 242 S.E.2d 53 (1978); *In re Dunham*, 16 Cal.3d 63, 127 Cal.Rptr. 343, 545 P.2d 255, 76 A.L.R.3d 571 (1976); *Cavalcante v. Florida Parole and Probation*, 414 So.2d 658 (Fla.App.D. 1, 1982).

Johns relies on two Tenth Circuit cases to support his argument that collateral estoppel applies in the instant case. *Mack v.*

*McCune*, 551 F.2d 251 (10th Cir.1977), and *Robinson v. Benson*, 570 F.2d 920 (10th Cir.1978). These cases are inapposite. They hold that the subsequent reversal of a conviction requires a board of pardons to vacate a revocation order only if the acquittal removed all factual support for the revocation. *See Mack*, 551 F.2d at 254. That analysis certainly does not apply here.

We have considered Johns' other claims regarding errors in the hearings before both the Board of Pardons and the Third District Court. We find them to be without merit and not warranting extended discussion. The decision of the district court is affirmed.

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.