**STATE of Utah, Plaintiff and Respondent,**

v.

**George Ray NEELEY, Defendant and Appellant.**

**STATE of Utah, Plaintiff and Respondent,**

v.

**Lynn BELT, Defendant and Appellant.**

**20694, 20710.**

Supreme Court of Utah.

Jan. 8, 1988.

Ronald J. Yengich, Salt Lake City, for appellant Neeley.

Lynn Brown, Salt Lake City, for appellant Belt.

David L. Wilkinson, David B. Thompson, Salt Lake City, for respondents.

HOWE, Justice:

Defendants Neeley and Belt appeal their convictions of burglary, theft, and criminal trespass. The evidence most favorable to the verdict is as follows. Around midnight on March 20, 1983, defendants entered a building belonging to Spectra Symbol, Inc., with David Bittner. Bittner knew the manager and had occasionally performed work for Spectra Symbol. After searching the building for about an hour, they found a container of powdered silver used in making printed electrical circuits. A small sample of the silver was taken. They then searched a secretary's desk, spilling the contents of one of the drawers. The next

morning the secretary noted that her desk had been disturbed, but the intrusion was otherwise undetected.

A week later, Bittner approached the manager and told him of the break-in. They then went to the police. Bittner, who was on parole, elected to cooperate in apprehending defendants. He agreed to contact defendants and inform them that a shipment of supplies had just arrived at Spectra Symbol. After he did so, the police staked out the building. When defendants and Bittner arrived, they drove around the building and left. They returned later, parked down the street, and walked to the building. They entered with a key and remained inside for over an hour. No lights were turned on. Defendants were apprehended when they attempted to exit the building. In searching the building, the police found that several boxes had been filled with valuables and placed near the exits. Defendants were charged with burglary and theft for this incident which occurred April 11th and criminal trespass for the incident on March 20th.

Defendants filed a pretrial motion to disqualify Judge Banks from presiding at their trial. In a supporting affidavit, they alleged bias and prejudice stemming from his serving as district attorney before coming on the bench. In that capacity, some twenty years prior, he had signed the criminal information in four earlier cases involving defendant Lynn Belt, and in one of the cases, he appeared in court to accept a guilty plea. The motion was referred to Judge Conder, who held the affidavit to be legally insufficient. Defendants filed an amended motion which was heard by Judge Fishler, who likewise denied it.

At the preliminary hearing, Bittner was asked if he had been paid for his testimony. He said no, but was forced to recant when defense counsel produced signed receipts. Due to a malfunction in the recording equipment, portions of the preliminary hearing could not be transcribed. Defendants moved for a new preliminary hearing based on the lack of a complete transcript. Their motion was denied.

At trial, Bittner was the key witness for the State. He was impeached by his admission that he had perjured himself at the preliminary hearing, as well as by his previous felony convictions and some prior inconsistent statements involving unrelated matters. His role in the crimes charged and his failure to testify truthfully at the preliminary hearing were fully exposed both by the prosecution and the defense.

At the conclusion of the trial, defendants requested an instruction on accomplice testimony and on the lesser included offense of criminal trespass for the April 11th incident. Their requested instructions were denied. The jury returned a verdict of guilty on three counts: criminal trespass, theft, and burglary. They were sentenced to zero to five years on burglary, one to fifteen years on theft, and ninety days for criminal trespass—sentences to run concurrently. They appeal the ruling on the pretrial motion to disqualify, failure to provide a complete preliminary hearing transcript, and failure to give the requested instructions.

We first examine whether the trial judge was required to recuse himself from the case. Utah Code Ann. § 77-35-29(c)-(d) (1982, Supp.1987) provide in part:

(c) If the prosecution or a defendant in any criminal action ... files an affidavit that the judge ... has a bias or prejudice ... the judge shall proceed no further until the challenge is disposed of.

(d) If the challenged judge questions the sufficiency of the allegation of disqualification, he shall enter an order directing that a copy be forthwith certified to another named judge of the same court or of a court of like jurisdiction, which judge shall then pass upon the legal sufficiency of the allegations.... If the judge to whom the affidavit is certified finds that it is legally sufficient, another judge shall be called to try the case or to conduct the proceeding. If the judge to whom the affidavit is certified *does not find the affidavit* to be *legally sufficient,* he shall enter a finding to that effect and *the challenged judge*

*shall proceed* with the case or proceeding.

(Emphasis added.)

Judge Banks, in compliance with this rule, certified the affidavit to Judge Conder, who reviewed it and found it legally insufficient. When defendants renewed their motion, it was certified to Judge Fishler, who ruled that the affidavit as amended was still legally insufficient. Based on these findings, Judge Banks proceeded to hear the case.

■ We find no reversible error. Judge Banks determined that he had no actual bias against defendant Belt by reason of his involvement in Belt's prosecution some twenty years prior. He then followed the statutorily mandated procedure to determine whether sufficient legal grounds existed to require his disqualification. While it has been suggested that a trial judge disqualify himself whenever an affidavit of bias and prejudice is filed against him in good faith, this practice is not mandatory. *See State v. Byington,* 114 Utah 388, 200 P.2d 723 (1948).

■ However, a judge *should* recuse himself when his "impartiality" might reasonably be questioned. Utah Code of Judicial Conduct 3(C)(1)(b) (1981). This standard set forth by the Code of Judicial Conduct should be given careful consideration by the trial judge. It may require recusal in instances where no actual bias is shown. Failure to observe it may subject the judge to disciplinary measures. However, that does not necessarily mean that the defendant is entitled to a new trial. The parameters of defendants' constitutional rights to a fair trial are defined by section 77–35–29(c)–(d) and relevant case law, *not* the Code of Judicial Conduct. *See Harvell v. State,* 742 P.2d 1138, 1140 (Okla.Crim.App. 1987); *State v. Wixon,* 30 Wash.App. 63, 69, 631 P.2d 1033, 1038 (1981).

*Anderson v. Industrial Commission of Utah,* 696 P.2d 1219 (Utah 1985), cited by defendants, is distinguishable. In that case, the attorney for the Second Injury Fund, Mr. Allen, argued for the Fund at the *Anderson* hearing. When the judge who heard the case retired, he did not enter a supplemental order as required. Allen, who by then had become an administrative law judge, signed the order dismissing plaintiff's objections in the same case in which he had served as counsel for the Fund. Utah Code Ann. § 78–7–1 (1987) provides that a judge shall not act on any matter in which he was counsel for either party in the proceeding. It was improper for Allen to appear as both counsel and judge in the same case. The instant case involves separate cases with over twenty years having elapsed between this trial and the prior appearance of Judge Banks as district attorney.

Although there are cases to the contrary,[1] the majority view is that a judge who has had previous contact with a defendant on a totally unrelated matter is not per se disqualified. *Jenkins v. Bordenkircher,* 611 F.2d 162 (6th Cir.1979); *Jordon v. State,* 274 Ark. 572, 626 S.W.2d 947 (1982); *Commonwealth v. Darush,* 279 Pa. Super.Ct. 140, 146, 420 A.2d 1071, 1074 (1980). This view is consistent with section 77–35–29, which calls for review of the allegation of bias and prejudice by another judge, and canon 3(C)(1)(b) of the Utah Code of Judicial Conduct, which states: "(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where: ... (b) he served as lawyer *in the matter in controversy....*" (Emphasis added.)

■ In holding that the failure to recuse is not reversible error in this case, we do not withdraw from the stand this Court has taken on previous occasions that the integrity of the judicial system should be protected against any taint of suspicion. *See Haslam v. Morrison,* 113 Utah 14, 190 P.2d 520 (1948). But, while we recommend the practice that a judge recuse himself where there is a colorable claim of bias or prejudice, absent a showing of actual bias or an abuse of discretion, failure to do so does not constitute reversible error as long as

---

1. *See United States v. Zerilli,* 328 F.Supp. 706, 708 (C.D.Cal.1971).

the requirements of section 77–35–29 are met.

■ Defendants contend that they are entitled to a new trial due to their inability to obtain a complete transcript of the preliminary hearing. We have recognized that the preliminary hearing is an important step in the criminal process in that it serves as both a discovery device and a means to preserve evidence for trial. *State v. Anderson,* 612 P.2d 778 (Utah 1980). A defendant's right to a transcript of the preliminary hearing upon timely request has also been recognized. *Brooks v. Edwards,* 396 F.Supp. 662 (W.D.N.C.1974); *Wright v. State,* 505 P.2d 507 (Okla.Crim. App.1973). However, failure to provide a complete transcript may be harmless error if it does not prejudice a party. *Gardner v. United States,* 407 F.2d 1266 (D.C.Cir. 1969), *cert. denied,* 395 U.S. 911, 89 S.Ct. 1757, 23 L.Ed.2d 242 (1969).

■ Not every technical failure or irregularity in the proceedings below requires reversal on appeal. Such errors require reversal only where there is a reasonable likelihood that absent the error, there would have been a different result. *State v. Hutchison,* 655 P.2d 635 (Utah 1982). We do not presume prejudice upon a showing of an irregularity in the proceedings below; rather, we will closely examine the record to determine the effect the error may have had on the outcome of the proceedings.

■ The nature of the recording malfunction at the preliminary hearing or to what extent the transcript of that hearing was incomplete is not apparent from the record. It is evident, however, that the defense was able, using what was available to them, to impeach the State's witness, Bittner, not only as to his statements regarding compensation for his testimony, but on several other unrelated matters. Defendants' allegation of prejudice center on the fact that without a complete preliminary hearing transcript, they were unable to fully and thoroughly cross-examine Bittner. However, the cross-examination which was conducted thoroughly exposed Bittner's character and testimony. De-

fendants argue that given a complete transcript, they may have discovered yet other inconsistencies which they could have used to cast doubt upon the veracity of his testimony. We find no support for these contentions. If a complete transcript had revealed other minor inconsistencies, their effect upon the jury's opinion of Bittner's character or its view of his testimony would still have been negligible. Even if the jury had disregarded Bittner's testimony as unreliable, that would not have made defendants' explanation of their activities prior to their arrest any more plausible. We therefore find that the failure to afford defendants a complete preliminary hearing transcript due to an inadvertent mechanical failure did not result in prejudicial error.

■ Defendants' next assignment of error deals with the failure of the trial court to give an instruction on the lesser included offense of criminal trespass as to the April 11th burglary charge. In *State v. Baker,* 671 P.2d 152 (Utah 1983), we analyzed the question of whether a defendant was entitled to an instruction on criminal trespass in a trial for burglary. When a defendant requests an instruction on a lesser included offense, the offenses must be related, that is, there must be overlapping elements in the two offenses and there must be a rational basis for acquitting the defendant of the crime charged and convicting him of the lesser offense, based on the evidence presented at trial. *Id.* at 159. This case, as did *Baker,* turns on whether defendants, based on the evidence presented at trial, could be acquitted of the greater offense and convicted of the lesser.

■ Defendants' theory and the thrust of their testimony is that they were in the building on April 11th at the request and with the permission of Bittner. They testified that he told them he was a supervisor and had permission to enter the building at any time and he let them in the front door with a key. When asked, "Did he [Bittner] indicate whether or not he had authority to be on the premises?" Neeley answered, "He said he most certainly did." Consist-

ent with defendants' evidence, the jury was instructed that

> [a]n act committed under an ignorance or mistake of fact which disproves any criminal intent is not a crime. Thus a person is not guilty of a crime if he does an act under an honest and reasonable belief in the existence of certain facts and circumstances which, if true, would make such an act lawful.

Thus, the jury was properly instructed as to defendants' theory of the case. If the jurors had believed defendants' version of the facts, it was their duty to acquit them. However, there was no evidence presented at trial that would have allowed the jury to acquit them of burglary and convict them of criminal trespass. Since no evidence supported their requested instruction, the trial court properly refused it.

■ Finally, defendants contend that they are entitled to a new trial due to the lower court's refusal to give a cautionary instruction regarding accomplice testimony. Utah Code Ann. § 77-17-7 (1982) provides:

> (1) A conviction may be had on the *uncorroborated* testimony of an accomplice.
>
> (2) *In the discretion of the court,* an *instruction* to the jury *may be given* to the effect that *such uncorroborated testimony should be viewed with caution,* and *such an instruction shall be given if* the *trial judge finds* the *testimony* of the accomplice to be *self-contradictory, uncertain* or *improbable.*

(Emphasis added.)

Other evidence presented at trial corroborated Bittner's testimony. Defendants were observed driving around Spectra Symbol. They returned later, parked some distance away, and walked to the building. Although inside for over an hour, they did not turn on any lights. Valuables from inside the building were found in boxes near the exits. Even without Bittner's testimony, the jurors were free to reject defendants' explanation of these activities and draw their own inferences. The testimony of Spectra Symbol's secretary and manager, as well as that of the arresting and investigating officers, was consistent with and served to corroborate Bittner's testimony. Since his testimony was not the only evidence linking defendants to the crime, and since other evidence substantially corroborated his testimony, the giving of the instruction was within the trial court's discretion.

The facts that Bittner was involved in the original criminal trespass, that he had perjured himself at the preliminary hearing, and that he was out on parole were brought out in his direct testimony. He was thoroughly cross-examined on these and other areas in an effort to discredit him in the eyes of the jury. Counsel for the defense in its opening statement cautioned the jury that Bittner was a "thief, liar, and perjurer." On closing, defense counsel again reiterated the reasons brought out, both on direct and cross, why Bittner's testimony should be suspect. He strongly cautioned the jury that it should disregard his testimony as unreliable. The trial judge listened to the testimony and counsel's arguments and observed the jury's response. In his discretion, he did not elect to further instruct the jury that Bittner's testimony should "be received with caution and considered with great care."

The jury was instructed regarding Bittner's prior felony conviction and that it should consider the bias or motive of any witnesses to testify falsely. It was also instructed that "the testimony of a witness known to have made false statements on one matter is naturally less convincing on other matters" and that it could disregard such testimony. Although a further cautionary word to the jury would not have been inappropriate, since the testimony was corroborated, it was not required. In such a case, the giving of a cautionary instruction is left to the trial court's discretion. We overrule only on a clear showing of abuse; such a showing has not been made here.

■ In sentencing defendants, the trial court imposed a three-month sentence for the criminal trespass conviction, treating it as a class C misdemeanor. However, the verdict form signed by the jury foreman

found defendants guilty of criminal trespass as defined in Utah Code Ann. § 76–6–206(2)(b) (1978), an infraction. Under section 76–3–205, a person convicted of an infraction may be subject to "a fine, forfeiture, and disqualification, or any combination," but may not be imprisoned on the charge. Therefore, the court erred in sentencing defendants to three months' incarceration on the criminal trespass conviction.

Defendants' convictions are affirmed, and the cases are remanded for resentencing on the infraction.

HALL, C.J., and DURHAM and ZIMMERMAN, JJ., concur.

STEWART, Associate C.J., concurs in the result.