**Dale M. WHITE, Petitioner,**

v.

**UTAH STATE BOARD OF PARDONS, and John Does I–VII, Members, Respondents.**

**No. 890126–CA.**

Court of Appeals of Utah.

July 31, 1989.

Dale M. White, Draper, pro se.

R. Paul Van Dam, Kent M. Berry, Salt Lake City, for respondents.

Before DAVIDSON, JACKSON and ORME, JJ. (on Law and Motion).

be effective for only five years unless renewed.

## MEMORANDUM DECISION

This matter is before the court on a petition for writ of mandamus directed to the Utah State Board of Pardons and various John Does. The court has received no proof that service has been accomplished as required by R.Utah Ct.App. 19(a). The Board of Pardons has responded "without waiving the issue of service of process." Because we conclude that this court does not have authority to grant the relief petitioner requests, we dismiss the writ as "frivolous on its face." R.Utah Ct.App. 19(c).

Utah Code Ann. § 77-27-5(3) (1989) provides:

> The determination and decisions of the Board of Pardons in cases involving approval or denial of any action, of paroles, pardons, commutations or terminations of sentence, orders of restitution, or remission of fines, forfeitures, and restitution, are final and are not subject to judicial review. Nothing in this section prevents the obtaining or enforcement of a civil judgment.[1]

The petitioner herein seeks to challenge the authority of the Board of Pardons to extend his parole period. He alleges that he was paroled on May 8, 1984, that his parole should have been terminated on or about May 8, 1987, and that the Board improperly extended the parole period after he had been on parole for three years without a violation. He also claims that the Board did not hold the required parole violation hearing before extending his parole period. In response, the respondents submit a copy of a waiver of personal appearance executed by petitioner in which he requests amendment of his parole agreement to, among other things, restart his parole period commencing July 2, 1985.[2] Under the circumstances of this case, petitioner has not demonstrated that the Board's actions violate a substantial constitutional right.

This petition is clearly a request for judicial review of a Board of Pardons decision and is precluded by section 77-27-5(3). *See also State v. Schreuder,* 712 P.2d 264, 277 (Utah 1985) (once sentence has been imposed by the trial court, our sentencing system vests almost complete discretion in the Board of Pardons to determine the actual time served).

The petition for writ of mandamus is dismissed as frivolous on the basis that this court is precluded from determining the merits of a petition for judicial review of a Board of Pardons decision.

DAVIDSON, JACKSON and ORME, JJ., concur.

---

**1.** We conclude that the final sentence of this section does not authorize an extraordinary writ clearly calculated to obtain the judicial review explicitly precluded in the preceding sentence. We decline to express an opinion on the limits of the authorization in the final sentence based on our conclusion that it cannot authorize the judicial review sought by petitioner without negating the balance of the subsection. *See* N. Singer, *Sutherland Statutory Construction* § 46.05 (4th ed. 1984).

**2.** The order of the Board actually provided that petitioner's parole period would restart on June 2, 1985.