**Steven M. JOHNS, Plaintiff and Appellant,**

v.

**Kenneth V. SHULSEN, Warden, Utah State Prison, et al., Defendants and Appellees.**

**No. 890058.**

Supreme Court of Utah.

Dec. 4, 1989.

---

Steven M. Johns, pro se.

David L. Wilkinson, Paul M. Tinker, Salt Lake City, for defendants and appellees.

PER CURIAM:

This Court reviewed the denial of plaintiff's previous petition for a writ of habeas corpus and issued its opinion affirming the trial court's order on April 21, 1986. The opinion may be found at *Johns v. Shulsen,* 717 P.2d 1336 (Utah 1986). The reader is referred thereto for the facts underlying plaintiff's incarceration and revocation of his parole.

On May 20, 1986, plaintiff applied for a writ of habeas corpus to the federal district court for Utah. However, the federal magistrate ruled that the petition was a mixture of claims on which state remedies had been exhausted and those which had not been exhausted. He dismissed the petition pursuant to 28 U.S.C. § 2254(b) and (c) and *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). In his report and recommendation, the federal magistrate stated: "Comity dictates the Utah courts be afforded an opportunity to state whether there is a procedural default in this case," which would preclude federal review of the issue.

After dismissal of his federal action, plaintiff, with the assistance of appointed counsel, once more applied to the state court for a writ of habeas corpus. After an evidentiary hearing, the trial court entered its memorandum decision on June 27, 1987, in which it determined that the only unexhausted claim raised by plaintiff is his allegation that he was denied his right to a speedy revocation hearing.

The trial court ruled that the circumstances of this case do not show any un-usual circumstances which would dictate an exception to our procedural default standard, particularly in view of the fact that plaintiff's revocation hearing was held within a reasonable time under *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). We agree.

This is plaintiff's second appeal from the denial of a petition for habeas corpus relief. In *Hurst v. Cook,* 777 P.2d 1029 (Utah 1989), this Court ruled that the prior adjudication of a habeas petition does not bar the adjudication of a subsequent petition as a matter of res judicata. However, Utah Rule of Civil Procedure 65B(i)(4) does require a showing of good cause for seeking a successive writ. Plaintiff did not raise the issue of a speedy revocation hearing in his first petition for habeas corpus and has not shown that he was previously unable to assert this issue or that he has now become aware of facts which were unknown to him at the time. Nor has he shown any other good cause for filing a successive petition. We find no unusual circumstances that would warrant relieving plaintiff of his waiver. The judgment of the district court is therefore affirmed.

We have considered the other issues raised by plaintiff and find them to be without merit.