Bruce W. HATCH, Petitioner,

v.

Gary L. DELAND, Director, Utah State Department of Corrections, et al., Respondents.

No. 890626–CA.

Court of Appeals of Utah.

March 19, 1990.

Bruce W. Hatch, Draper, pro se, for petitioner.

R. Paul Van Dam, Atty. Gen., Kent M. Barry, Asst. Atty. Gen., Salt Lake City, for respondents.

Before GARFF, BILLINGS and DAVIDSON, JJ. (On Law and Motion).

## MEMORANDUM DECISION

### PER CURIAM:

Appellant Bruce W. Hatch appeals from the dismissal of a petition for writ of habeas corpus by the Third Judicial District Court. This matter is before this court on its own motion for summary disposition. We affirm the trial court's dismissal.

Pursuant to a plea bargain, Hatch pled guilty to five counts of theft by deception, a second degree felony, and five counts of securities fraud, a third degree felony. Approximately forty other pending counts were dismissed. In his petition for writ of habeas corpus, Hatch claims: (1) The Utah State Board of Pardons procedures violated the double jeopardy guarantees of the federal and Utah constitutions by allowing alleged victims whose cases had been dismissed as a result of a plea bargain to testify at the parole hearing; (2) on the same basis, the procedure denied him due process of law, and (3) Utah Code Ann. § 77-27-5, precluding review of decisions of the Board of Pardons, is unconstitutional under the eighth and fourteenth amendments to the United States Constitution. The trial court granted respondents' motion to dismiss and entered written findings, which included findings that petitioner was not denied due process or subjected to double jeopardy and that Utah Code Ann. § 77-27-5(3) is not unconstitutional.

This court applied Utah Code Ann. § .77-27-5(3) (Supp.1989) in *White v. Utah State Board of Pardons*, 778 P.2d 20 (Utah Ct.App.1989).[1] In that proceeding for an original writ of mandamus, the petitioner disputed the determination of his parole period, contending that his parole should have terminated because he had been on parole for three years without a violation, and that the Board had not held the required parole revocation hearing. Respondent demonstrated, however, that petitioner had executed a waiver requesting a restarting of his parole period, which encompassed the extension complained of in the petition. This court concluded that "[u]nder the circumstances of this case, petitioner has not demonstrated that the Board's actions violate a substantial constitutional right" and, accordingly, judicial review of the Board's decision was precluded by section 77-27-5(3). *Id.* at 21.

In the present appeal, Hatch claims that the manner in which his parole hearing was conducted denied him procedural due process and subjected him to double jeopardy. He does not dispute the merits of the parole decision itself. We conclude that our review of those claims is not precluded by Utah Code Ann. § 77-27-5. The right to petition for habeas corpus based on a violation of substantial constitutional rights is guaranteed by the Utah Constitution. *See* Utah Const., art. I., § 5. We thus proceed to consider the merits of appellant's constitutional claims. Because the petition was dismissed based on respondent's motion and without a hearing, we assume that the factual assertions are accurate for purposes of determining whether the trial court was correct in dismissing the petition for failure to state a claim. We conclude that Hatch's claims are without merit.

The United States Supreme Court considered the application of due process guarantees to parole hearings in *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). The *Greenholtz* holdings were that "the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release," and that "the Nebraska statute did create an 'expectation of parole' protected by the Due Process Clause." *Board of Pardons v. Allen*, 482 U.S. 369, 107 S.Ct. 2415, 2418, 96 L.Ed.2d 303 (1987). The holding that the Nebraska statute created an expectation of parole was based on statutory language that created a presump-

---

1. Respondents also cite unpublished opinions of this court as support for their position in this proceeding. We note that this practice is now precluded under Rule 4-508, Utah Code of Judicial Administration, which became effective January 15, 1990.

tion in favor of granting parole unless the Board established certain specified facts. *Greenholtz* clarifies that, absent statutory language limiting a parole board's discretion, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz*, 442 U.S. at 7, 99 S.Ct. at 2104. In *Board of Pardons v. Allen*, the Court held that the Montana parole statute created an expectation of parole by providing that the Board "shall" grant parole "when in its opinion there is reasonable probability that the prisoner can be released without detriment to the prisoner or to the community." 107 S.Ct. at 2420; *but see Board of Pardons v. Allen*, 107 S.Ct. at 2424 (O'Connor, J., dissenting) ("[A] statute creates an entitlement sufficient to trigger due process protections only when the decisionmakers' discretion is limited by standards").

Utah's parole statute contains no statutory limitations on the Board's discretion to grant or deny parole. Utah Code Ann. § 77–27–9(1) (Supp.1989) provides, in relevant part: "The Board of Pardons may pardon or parole any offender or commute or terminate the sentence of any offender committed to a penal or correctional facility which is under the jurisdiction of the Department of Corrections for a felony or class A misdemeanor. . . ." The statute precludes parole for certain offenses until the minimum term for the offense has been served. Under the controlling precedents, we hold that the Utah parole statute does not create an "expectation of parole" that would subject parole board proceedings to due process protections. *See also Dock v. Latimer*, 729 F.2d 1287, 1290 (10th Cir.), *cert. denied*, 469 U.S. 885, 105 S.Ct. 256, 83 L.Ed.2d 193 (1984) (concluding that the previous Utah parole statute did not create a liberty interest subject to due process protections).

▆▆▆ Appellant's claim that he was subjected to double jeopardy must also fail. A parole proceeding is not a criminal proceeding that subjects a prisoner to jeopardy, and guarantees against double jeopardy are not applicable. The Utah Supreme Court has held that double jeopardy guarantees are not violated "when a defendant is convicted of criminal charges and those same facts are used as grounds for revoking the defendant's parole." *Johns v. Shulsen*, 717 P.2d 1336, 1337 (Utah 1986) (citing *State v. Bullock*, 589 P.2d 777 (Utah 1979)). In *Johns*, the Court further held that an acquittal of charges in a criminal prosecution does not preclude the Board of Pardons from considering evidence of the offense that was the subject of the acquittal in a parole revocation hearing. It follows from the case law that the Board is not precluded from considering testimony by persons who claim to have been victimized by appellant. The testimony of alleged victims cannot result in an increase in the sentence, although it may increase the time actually served under an indeterminate sentence. The decision to grant or deny parole is clearly within the discretion of the Board of Pardons and is not subject to judicial review, as provided in Utah Code Ann. § 77–27–5(3) (Supp.1989); *see also State v. Schreuder*, 712 P.2d 264, 277 (Utah 1985).

Our conclusion that appellant has not raised a meritorious constitutional claim concerning the procedures followed by the Board of Pardons in this case makes it unnecessary to consider the claim that Utah Code Ann. § 77–27–5(3) is unconstitutional.

The order of dismissal is affirmed based on our conclusion that appellant has raised no meritorious constitutional claims.

GARFF, BILLINGS and DAVIDSON, JJ., concur.