Monty Kent WALKER, Plaintiff
and Appellant,

v.

BOARD OF PARDONS, Defendant
and Appellee.

No. 900113.

Supreme Court of Utah.

Dec. 27, 1990.

Monty Kent Walker, pro se.

R. Paul Van Dam, Kent M. Barry, Salt Lake City, for defendant and appellee.

PER CURIAM:

This is an appeal from an order dismissing plaintiff Monty Kent Walker's petition for a writ of habeas corpus. Walker contended that his parole was revoked for alleged criminal conduct without arrest, filing of formal charges, and trial and that, had he been charged and tried, he would have been found not guilty. Walker claims that his constitutional right to face his accusers and to be tried before a jury of his peers was violated.

The rationale of *Johns v. Shulsen,* 717 P.2d 1336 (Utah 1986), governs the disposition of the case under review:

Parole revocation is an administrative proceeding and not a criminal prosecution. It stems from a clear violation of the rules and regulations imposed as a condition of parole. Invariably, freedom from criminal activity is a condition of parole; however, a conviction is not a prerequisite.

*Id.* at 1338 (citing *Ward v. Smith,* 573 P.2d 781 (Utah 1978)).

The burden of proof in a criminal proceeding is beyond a reasonable doubt. *Johns v. Shulsen,* 717 P.2d at 1338. In an administrative proceeding, it is by a preponderance of the evidence. *Id.* The findings of the Board of Pardons disclose sufficient evidence from which it could have found that Walker committed the offense with which he was charged and that he therefore breached one of the conditions of his parole not to violate any state laws. Walker's constitutional argument is therefore without merit.

Affirmed.