**Daniel D. PADILLA, Plaintiff and Appellant,**

v.

**UTAH BOARD OF PARDONS; Tamara Holden, Warden; Utah Department of Corrections, Defendants and Appellees.**

**No. 910640–CA.**

Court of Appeals of Utah.

Oct. 20, 1992.

---

1. In light of this, other arguments raised by the parties need not be considered.

Daniel D. Padilla, pro se.

R. Paul Van Dam, State Atty. Gen., and Lorenzo K. Miller, Asst. Atty. Gen., Murray, for defendants and appellees.

Before GARFF, JACKSON and ORME, JJ.

## OPINION

JACKSON, Judge:

### INTRODUCTION

Daniel D. Padilla appeals the dismissal of his petition for writ of habeas corpus. We reverse and remand.

### FACTS

Padilla was convicted of murder in the second degree, a first degree felony, for the shooting death of Anthony Palacios. He was sentenced to serve an indeterminate term of 5 years to life in the Utah State Prison, the actual time served to be

determined by the Utah State Board of Pardons.

The three-member Board that was to determine Padilla's prison time was chaired by Victoria Palacios. Sometime prior to the Board of Pardons hearing, Palacios realized that Padilla's victim was her cousin and decided that this family relationship would affect her ability to be impartial and unbiased. She determined that she would recuse herself and informed the other members of the Board of her decision. A waiver form was then prepared that would give Padilla the option of having his case heard by the remaining two members of the Board on the scheduled date, or by a three-member Board at a later date.

When Padilla arrived at the hearing, Palacios was there. After the hearing commenced, Palacios stood and announced to everyone present that she was a member of the victim's family and would not participate in the decision of the Board. She then stepped down and went to the gallery to sit with the victim's other family members. Padilla was presented with and signed the prepared waiver form, agreeing to have his case heard that day by the two remaining board members.

Prior to his hearing, Padilla was not notified of Palacios' relationship to the victim's family, nor that she planned to wait until after the hearing commenced to announce her recusal. He was not notified prior to the hearing that there was contact involving discussion of pertinent matters by Palacios and the other members of the Board. He also was not notified prior to the hearing that the Board members already knew of Palacios' reasons for recusal, that the remaining Board members had decided to proceed without her, nor that they planned to request a signed waiver.

The two-member Board went forward with the hearing and ordered that Padilla be given a rehearing date in October 2006. The space on the order form, for the reasons why a parole date was not granted, why a rehearing was ordered, or why the date for the rehearing was for twenty years later, was left blank. The remarks section of the form was also left blank.

The trial court granted defendant's motion to dismiss Padilla's writ of habeas corpus. Padilla appealed to the Utah Supreme Court which transferred the case to this court.

## STANDARD OF REVIEW

■ The standard of review for reviewing a dismissal of a habeas corpus petition is outlined in *Wagstaff v. Barnes*, 802 P.2d 774, 778 (Utah App.1990) (quoting *Bundy v. Deland*, 763 P.2d 803, 805 (Utah 1988)):

> In reviewing an appeal from a dismissal of a habeas corpus petition, "we survey the record in the light most favorable to the findings and judgment; and we will not reverse if there is a reasonable basis therein to support the trial court's refusal to be convinced that the writ should be granted."

The trial court's conclusions of law are accorded no deference but are reviewed for correctness. *Termunde v. Cook*, 786 P.2d 1341, 1342 (Utah 1990). Neither the trial court record nor the court's order dismissing Padilla's petition contain the basis, grounds, or reasons for the court's decision.

## ANALYSIS

Padilla argues on appeal that the trial court improperly dismissed his petition for writ of habeas corpus because the Board of Pardons violated his state and federal constitutional rights to due process. He also argues that the Board violated his equal protection and Eighth Amendment rights.

■ Padilla contends that Palacios' actions in connection with his parole hearing created prejudice, violating his due process right to a fair hearing. We agree. The Utah Supreme Court has held that the Utah Constitution requires due process protections when the Board of Pardons determines the actual number of years a defendant is to serve. *Foote v. Utah Bd. of Pardons*, 808 P.2d 734, 735 (Utah 1991). The *Foote* court went on to hold that "there is no question that habeas corpus review of the board of pardon's actions is

available"[1] and that due process is to be determined on the specific facts of each case. *Id.* The facts of Padilla's Board of Pardon's hearing leads this court to hold that Padilla was denied due process.

One of the fundamental principles of due process is that "all parties to a case are entitled to an unbiased, impartial judge." *Anderson v. Industrial Comm'n,* 696 P.2d 1219, 1221 (Utah 1985). "This principle applies with as much force to administrative proceedings as it does to judicial trials." *Id.* Hearings before the Board of Pardons are administrative proceedings, *Walker v. Utah Bd. of Pardons,* 803 P.2d 1241 (Utah 1990), and the Utah Administrative Code requires that they be impartial. Utah Code Admin.P. R671–309–1 (1992). Due process not only requires the absence of bias, but *"endeavors* to prevent even the possibility of unfairness." *Anderson,* 696 P.2d at 1221 (emphasis added).

Palacios did not "endeavor" to prevent the possibility of unfairness. She knew before the hearing of her relationship to the victim and could have recused herself at any time prior to the commencement of the hearing, facilitating participation by a third panelist well in advance. Instead, she waited until after the hearing commenced and until she was in front of those who would determine Padilla's sentence to reaffirm her reasons for recusal. She then left her colleagues to conduct the hearing and sat with the victim's family in an apparent show of personal support. The appellees argue that Palacios had a right to sit with the victim's family because parole hearings are open to the public. That right, however, is subject to basic notions of fairness. Utah Code Admin.P. R671–302–1 (1992).

 There is a presumption of impartiality in favor of those serving in quasi-judicial capacities. *Soon Yee Scott v. City of Englewood,* 672 P.2d 225, 227 (Colo.Ct.App.

1983). Palacios states in her affidavit that she at no time expressed her opinions as to Padilla or his case to the other two members of the board. But by waiting until the time of the hearing to recuse herself in front of her colleagues, the participating decision-makers, and then by sitting with the victim's family during the hearing, she made her opinions concerning Padilla quite clear. This tainted the impartiality of the remaining board members.

At least one court has held that "[t]he infection of the concurrence of the interested person spreads, so that the action of the whole body is voidable." *Pyatt v. Mayor of Dunellen,* 9 N.J. 548, 557, 89 A.2d 1, 5 (N.J.1952). The Utah Supreme Court in *Vance v. Fordham,* 671 P.2d 124, 131 (Utah 1983) *cert. denied,* 465 U.S. 1025, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984), gave credence to the idea that participation by one "disqualified" member of an administrative tribunal affects the action of the entire body. Palacios was not overtly involved in the decision-making process of the remaining two board members. But, by making her opinions known to them through her announcement and actions at the hearing, she became a participant affecting the action of the proceeding.

The Supreme Court of Utah found that "due process demands a new trial when the appearance of unfairness is so plain that we are left with the abiding impression that a reasonable person would find the hearing unfair." *Bunnell v. Industrial Comm'n,* 740 P.2d 1331, 1333 n. 1 (Utah 1987). This court is left with just such an impression. The infectious actions of Palacios tainted the proceeding and violated Padilla's due process right to a fair hearing.

Because we find the Board of Pardons violated Padilla's due process rights, we do

---

1. Our review of Padilla's claims is not precluded by Utah Code Ann. § 77–27–5(3) (1992) which states in pertinent part:

 The determinations and decisions of the Board of Pardons in cases involving approval or denial of any action, of paroles, pardons, commutations or terminations of sentence, orders of restitution, or remission of fines,

 forfeitures, and restitution, are final and are not subject to judicial review.

 The right to petition for habeas corpus relief of constitutional rights violations is guaranteed by the Utah Constitution. Utah Const. art. I., § 5; *Hatch v. Deland,* 790 P.2d 49, 50 (Utah App. 1990).

not need to address Padilla's other constitutional arguments.

## CONCLUSION

Padilla's Board of Pardons hearing was conducted in violation of his state constitutional right to due process. For this reason we reverse and remand this case for a new hearing before the Utah State Board of Pardons.

GARFF and ORME, JJ., concur.