**Marshall ZEIDMAN,**
**Petitioner-Appellant,**

v.

**UNITED STATES PAROLE COMMISSION and Robert Elsea, Warden,**
**Respondents-Appellees.**

**No. 78–1590.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 1, 1978.

Decided March 20, 1979.

---

Robert K. Mayer, Chicago, Ill., for petitioner-appellant.

William A. Barnett, Jr., Asst. U. S. Atty., Chicago, Ill., for respondents-appellees.

Before CUMMINGS, SPRECHER and BAUER, Circuit Judges.

BAUER, Circuit Judge.

On December 20, 1977, Marshall Zeidman filed a Petition for a Writ of Habeas Corpus, alleging (1) that he had been denied meaningful parole consideration in violation of the due process clause of the Fifth Amendment, and (2) that the United States Parole Commission had violated the *ex post facto* clause of the Constitution by applying a new set of guidelines in determining his parole eligibility. The district court granted the government's motion for summary judgment and Zeidman now appeals.

The two major issues in this appeal are concerned with parole guidelines adopted by the Parole Commission in an effort to promote a more consistent and equitable exercise of its discretion. See 28 C.F.R. § 2.20 (1976). Under the guidelines, an inmate's record is first examined to determine the so-called "salient factor score," a rating that is designed to reflect the estimated risk of parole violation. Next, the inmates's criminal behavior is classified on an "offense severity scale" which ranges from "low" to "greatest." These two factors are then taken together to determine a suggested time range during which the inmate should remain incarcerated. In Zeidman's case, for example, the Commission found that his salient factor score and offense severity rating "indicate a range of 20–26 months to be served before release."

Zeidman argues that the Commission applied the guidelines in a fixed and mechanical manner, and thus deprived him of the due process right to meaningful parole consideration. In making the claim, he relies solely on statistics cited in *Kortness v. United States*, 514 F.2d 167 (8th Cir. 1975) which indicate that 88.4% of the Commission's parole decisions are made within the guidelines. These statistics, he argues, are sufficient to raise a genuine issue of material fact on the due process claim, particularly in light of the Third Circuit's decision in *Geraghty v. United States Parole Commission*, 579 F.2d 238 (3rd Cir. 1978). In that case, the Court found summary judgment

to be inappropriate because the statistics cited by the petitioners seemed to suggest that "the 'channel for discretion' provided by the guidelines is in actuality an unyielding conduit." 579 F.2d 267.

We cannot agree, however, that either the *Geraghty* decision or the statistics cited by the appellant are relevant to the case at hand. While *Geraghty* involved a class action, this case is concerned only with Zeidman's claim, and it is clear from the record that he received individualized consideration from the Commission. In particular, the Commission's Hearing Summary shows that it looked not only to the guidelines but also to such factors as Zeidman's health and institutional adjustment. Indeed, only after a "review of all relevant factors and information presented" did it conclude that "a decision outside the guidelines . . . is not found warranted." We cannot agree, therefore, that the district court erred in granting summary judgment on the appellant's due process claim.

█ The appellant also argues that the trial court erred in granting summary judgment on his *ex post facto* claim. In this connection, Zeidman notes that the guidelines in effect at the time of his sentencing were subsequently changed, so that, in his case, the recommended period of incarceration increased from 12–16 months to 20–26 months. He thus contends that the application of the new guidelines violated the Constitution's *ex post facto* prohibition.

However, both the Second Circuit, in *Shepard v. Taylor*, 556 F.2d 648 (2d Cir. 1977), and the Sixth Circuit, in *Ruip v. United States*, 555 F.2d 1331 (6th Cir. 1977), have held that such an application is constitutional since the guidelines do not have the force and effect of law:

"[W]hat is involved in this case is not agency interpretation of law but an agency's setting up guidelines for itself to assure the uniform execution of its business. These guidelines are not law, but guideposts which assist the Parole Commission (and which assisted the Board of Parole) in exercising its discretion. Nor do these guidelines have the characteristics of law. They are not fixed and rigid,

but are flexible. The Commission remains free to make parole decisions outside of these guidelines."

555 F.2d at 1335. To be sure, the Third Circuit has found that the new guidelines could violate the *ex post facto* clause if applied in a fixed and mechanical manner. *Geraghty v. United States*, 579 F.2d 238, 267 (3rd Cir. 1978). However, as was noted above, the record indicates that Zeidman received individualized consideration from the Commission. Accordingly, we find no basis for holding that the new guidelines violated the *ex post facto* clause in this case.

The judgment of the district court is therefore

AFFIRMED.