**Ronald E. TERMUNDE, Plaintiff and Appellant,**

v.

**Gerald L. COOK, Defendant and Appellee.**

No. 890495.

Supreme Court of Utah.

Feb. 6, 1990.

Ronald E. Termunde, pro se.

R. Paul Van Dam, Kenneth R. Updegrove, Salt Lake City, for defendant and appellee.

PER CURIAM:

Plaintiff Ronald E. Termunde brought a habeas corpus petition in the district court, assailing the conditions of the shower rooms in section II, building III, Uinta facility of the Utah State Prison. Termunde claimed that peeling paint, fecal matter, semen, body hair, and germs in the showers constituted a hazard to his health and life, and he sought redress for what he said was an unconstitutional holding in prison. The trial court held an evidentiary hearing and then ordered the Salt Lake County Health Department to inspect the shower rooms and to report the results to the trial court within twenty days. The health department reported that none of the items claimed by Termunde to be present in the showers were found on the walls or ceilings of the showers but peeling paint and poor drainage were observed. The health department had suggested to the prison authorities that waterproof epoxy paint be used to repaint the showers within ten days, that nonslip strips be included on the shower floors, and that walls and ceilings be scrubbed daily to prevent build-up of soap film.

With that information before it, the trial court in its findings of fact, conclusions of law, and order found that the health hazard of which Termunde complained did not exist, concluded that Termunde's condition of confinement did not constitute a violation of one of his important rights, and denied the relief Termunde sought in his petition for habeas corpus.

On appeal, Termunde raises, *pro se*, three points: (1) The health department denied that the conditions as described by Termunde existed. (2) The conditions complained of persisted after the denial of the habeas corpus petition. (3) The prison fails to provide the reasonable care to Termunde and other inmates required of it as a state institution. The state responds that the trial court's findings were not clearly erroneous and its conclusions based on those findings were correct, so that its judgment should be affirmed. We agree and affirm the denial of the petition for habeas corpus.

■ The law has developed to a point where a habeas corpus petition is the proper vehicle to assail as unconstitutional conditions of confinement in prisons, "although the issuance of a writ of habeas corpus in such a case would result only in the elimination of that specific condition of physical imprisonment and not in [an inmate's] release from every aspect of physical imprisonment." *Wickham v. Fisher*, 629 P.2d 896, 900 (Utah 1981) (citations omitted).

■ In this case, the trial court ordered an inspection by the Salt Lake County Health Department which did not reveal any of the matters alleged to be present by Termunde, except for the peeling paint. Basing its ruling on the evidence before it, the trial court found that the peeling paint which was found in the shower areas did not constitute the health hazard Termunde alleged it to be. That finding is not clearly erroneous and is therefore affirmed. Utah R.Civ.P. 52(a); *State v. Walker*, 743 P.2d 191, 193 (Utah 1987). The lower court's conclusions of law in habeas corpus petitions are accorded no deference but are reviewed for correctness. *Fernandez v. Cook*, 783 P.2d 547 (Utah 1989). Here, where no significant health hazards were found, no violation of Termunde's constitutional rights was shown, and the trial court's conclusion to that effect was correct. The issue of failure of the prison authorities to comply with orders of the Salt Lake County Health Department after the evidentiary hearing was held is not properly before us, as it is first raised on appeal. *State v. Griffiths*, 752 P.2d 879, 884 (Utah 1988). Instead it should be brought to the trial court's attention if noncompliance persists.

The trial court's denial of Termunde's petition for habeas corpus is affirmed.

HALL, C.J., HOWE, Associate C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.