Ronald L. HALL, Petitioner
and Appellant,

v.

UTAH BOARD OF PARDONS, Victoria
Palacios, Gary Webster, Paul Boyden,
in their official capacity as members of
the Utah Board of Pardons, Respondents and Appellees.

No. 900450–CA.

Court of Appeals of Utah.

Feb. 6, 1991.

Danny Quintana (argued), and Robert N. Macri, Salt Lake City, for petitioner and appellant.

R. Paul Van Dam, State Atty. Gen., and C. Dane Nolan, Asst. Atty. Gen. (argued), Salt Lake City, for respondents and appellees.

Before BILLINGS, GARFF and RUSSON, JJ.

OPINION

GARFF, Judge:

Appellant, Ronald L. Hall, appeals an order denying his petition for a writ of habeas corpus on the grounds that application of new parole guidelines in determining his release date by the Utah Board of Pardons violated the ex post facto prohibition found in art. I, § 9, cl. 3 and § 10, cl. 1, of the United States Constitution. We affirm.

FACTS

On March 3, 1982, Ronald L. Hall was convicted of aggravated burglary, aggravated kidnapping, aggravated robbery, and aggravated sexual assault. Hall was sentenced to concurrent indeterminate terms of five years to life for each offense and was subsequently incarcerated at the Utah State Prison.

At Hall's first release hearing before the Board of Pardons on March 23, 1983, the Board ruled that he should not be released. A rehearing date was set for March of 1988. In 1985, 1986, and 1987, Hall's case came before the Board for redetermination—a paper review of an inmate's file—and each time it was determined that Hall's status would not change.

On January 6, 1989, Hall was granted a rehearing and the Board determined he should be released on parole on September 13, 1994. Hall filed a petition for a writ of habeas corpus in March of 1990. His petition was denied and this appeal followed.

On an appeal from a denial of a writ of habeas corpus, we survey the record in the light most favorable to the findings and judgment. *Bundy v. DeLand,* 763 P.2d 803, 805 (Utah 1988) (quoting *Velasquez v. Pratt,* 21 Utah 2d 229, 443 P.2d 1020, 1022 (1968)). We will not reverse if there is a reasonable basis in the record to support the trial court's denial of the writ. *Id.*

The appellant asserts that the Utah Board of Pardons increased his time of incarceration by four years when it used new guidelines in determining his parole date, thus violating the ex post facto clause of the United States Constitution. In support of his argument, Hall relies solely on *Miller v. Florida,* 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). *Miller* is distinguishable from the present case. *Miller* dealt with the discretion of the judge in deciding the minimum and maximum sentence, whereas the present case deals with the discretion of the Board of Pardons in determining a release date within the minimum and maximum sentence already determined by the sentencing judge. Several other distinctions may be drawn between *Miller* and this case, including the following: (1) the *Miller* guidelines were actually law and not simply "flexible guideposts;" and (2) the *Miller* guidelines resulted in Miller's sentence being increased, whereas Hall's sentence remained the same.

The sentencing guidelines in *Miller* were developed by a guidelines commission, revised by the Supreme Court of Florida, and adopted by the state legislature. Once enacted by the legislature, Florida's revised sentencing guidelines had the force and effect of law. The court in *Miller* found that these guidelines did not simply provide "flexible guideposts" for use in the exercise of discretion. The court stated:

> [I]nstead, they create a high hurdle that must be cleared before discretion can be exercised, so that a sentencing judge may impose a departure sentence only after first finding "clear and convincing reasons" that are "credible," "proven beyond a reasonable doubt," and "not ... a factor which has already been weighed in arriving at a presumptive sentence."

*Miller,* 482 U.S. at 435, 107 S.Ct. at 2453 (quoting *State v. Mischler,* 488 So.2d 523, 525 (Fla.1986)).

The guidelines used by the Utah Board of Pardons in the present case do not have the force and effect of law. They are not mandatory standards which must be followed, but merely guidelines used to clarify the Board's exercise of discretion without altering any of the existing considerations for parole release. Therefore, *Miller* does not support the contention of the appellant.

The majority of courts have consistently held that parole guidelines are not *laws* within the application of the ex post facto clause. *Wallace v. Christensen,* 802 F.2d 1539, 1553–54 (9th Cir.1986); *Dufresne v. Baer,* 744 F.2d 1543, 1549–50 (11th Cir. 1984); *Zeidman v. United States Parole Comm'n,* 593 F.2d 806, 808 (7th Cir.1979); *Rifai v. United States Parole Comm'n,* 586 F.2d 695, 697–98 (9th Cir.1978); *Shepard v. Taylor,* 556 F.2d 648, 654 (2d Cir. 1977); *Ruip v. United States,* 555 F.2d 1331, 1335–36 (6th Cir.1977).

The Sixth Circuit in *Ruip* stated:

> [W]hat is involved in this case is ... an agency's setting up guidelines for itself to assure the uniform execution of its business. These guidelines are not law, but guideposts which assist the Parole Commission ... in exercising its discretion. Nor do these guidelines have the characteristics of law. They are not fixed and rigid, but are flexible. The Commission remains free to make parole decisions outside of these guidelines.

*Ruip,* 555 F.2d at 1335.

By its very language, the ex post facto clause pertains only to laws. U.S. Const. art. I, § 9, cl. 3 and § 10, cl. 1.

We agree with appellees. The guidelines used by the Utah Board of Pardons are not laws, but merely guideposts to assist it in the exercise of its discretion. Therefore, we find a reasonable basis in the record to support the trial court's denial of appellant's petition. Accordingly, the judgment of the trial court is affirmed.

Affirmed.

BILLINGS and RUSSON, JJ., concur.