David **RENN**, Petitioner and Appellant,

v.

**UTAH STATE BOARD OF PARDONS,**
Respondent and Appellee.

No. 920292–CA.

Court of Appeals of Utah.

Sept. 20, 1993.

Rehearing Denied Oct. 13, 1993.

David Renn, argued, pro se.

Jan Graham, Atty. Gen., and Lorenzo K. Miller (argued), Asst. Atty. Gen., Salt Lake City, for respondent and appellee.

Before GARFF[1], GREENWOOD, and ORME, JJ.

GREENWOOD, Judge:

Petitioner David Renn appeals the district court's dismissal of his writ of habeas corpus challenging the Board of Pardons' (the Board) decision postponing his next parole hearing. Because the district court based its dismissal on a statute of limitations which we recently determined to be unconstitutional, we remand the case for further consideration.

## FACTS

Following a conviction for manslaughter, a second degree felony, Renn was serving a sentence of one to fifteen years in the Utah State Prison. On April 24, 1991, he appeared before the Board for his first parole hearing. During the hearing, Renn denied responsibility for the death of the victim whereas a representative of the victim's family described both the brutal and sustained nature of the victim's beating and additional incidents demonstrating Renn's violent tendencies. Having heard this testimony, the Board explained to Renn that it considered his crime serious and that it needed a psychological evaluation of him. The Board then issued an interim decision to rehear his case in July 1995. It modified that decision on April 30, 1991, postponing Renn's rehearing until July 1998.

On February 13, 1992, Renn filed a petition for habeas corpus relief claiming the Board (1) selected a rehearing date which exceeded the established parole guidelines for his crime,[2] (2) modified its interim decision with "no consistency or logical reason" for doing so,[3] and (3) acted in an arbitrary manner when it increased the length of time before rehearing his case. After reviewing this petition, the district court, on February 20, 1992, dismissed Renn's petition stating that it was barred by the stat-

1. Senior Judge Regnal W. Garff, sitting by special appointment pursuant to Utah Code Ann. § 78-3-24(10) (1992).

2. According to Renn, the matrix guidelines for determining his parole date indicated that he could be released after 24 months of incarceration. The final decision of the Board, however, did not grant him a parole hearing until after he had served 96 months.

3. According to Renn, the Board's procedural rules required it to provide him specific reasons for a change in its order. He alleged that comments by the Board of "full denial" and "no remorse" did not meet this burden.

ute of limitations for habeas corpus actions found in Utah Code Ann. § 78–12–31.1 (1992). Renn appeals this decision.

## ANALYSIS

In dismissing Renn's petition for habeas corpus relief, the district court relied upon the three month statute of limitations set forth in Utah Code Ann. § 78–12–31.1 (1992), which states:

Within three months:

For relief pursuant to a writ of habeas corpus. This limitation shall apply not only as to grounds known to petitioner but also to grounds which in the exercise of reasonable diligence should have been known by petitioner or counsel for petitioner.

The court declared that "the petitioner knew or should have known of the action of the board by at least April 30, 1991, and therefore, the filing of the petition on February 13, 1992 is barred by the above referenced statute of limitations."

■ In assessing the dismissal of Renn's case, we note that a "trial court's determination that the statute of limitations had expired is a question of law." *Gramlich v. Munsey*, 838 P.2d 1131, 1132 (Utah 1992) (citing *Avila v. Winn*, 794 P.2d 20, 22 (Utah 1990)). Because the district court based its decision on this question of law, we review that decision for correctness, without giving deference to the district court. *Termunde v. Cook*, 786 P.2d 1341, 1342 (Utah 1990) (per curiam).

■ We conclude that the district court erred in its decision. In our recent opinion consolidating the cases of *Currier v. Holden* and *McClellan v. Holden*, 862 P.2d 1357 (Utah App.1993), we determined that the statute of limitations upon which the district court based its dismissal was an unreasonable restraint on the right to petition for habeas corpus relief. We then declared the statute unconstitutional as a violation of Article I, Section 11 of the Utah Constitution, protecting an individual's right to seek civil remedy in state court.

Based on the doctrine of stare decisis, a prior decision on a "particular question of law governs later decisions by the same court." *State v. Thurman*, 846 P.2d 1256, 1269 (Utah 1993). Therefore, the *Currier* and *McClellan* opinions require us to similarly conclude in this case, that the district court erred in dismissing Renn's petition as untimely under the same statute of limitations.[4]

In oral argument, the State contended that even if this court should find the statute of limitations unconstitutional, it should affirm the district court's dismissal of Renn's petition on other grounds. The State based this contention on the principle of judicial review that an appellate court considering a district court's decision to dismiss a habeas corpus petition should "survey the record in the light most favorable to the findings and judgment[ ] and ... not reverse if there is a reasonable basis therein to support the trial court's refusal to be convinced that the writ should be granted." *Bundy v. Deland*, 763 P.2d 803, 805 (Utah 1988) (quoting *Velasquez v. Pratt*, 21 Utah 2d 229, 232, 443 P.2d 1020, 1022 (1968)); *Hall v. Utah Bd. of Pardons*, 806 P.2d 217, 217 (Utah App.1991).

■ The State offered the case of *Preece v. House* as precedent supporting alternative grounds to justify the dismissal of Renn's petition. *See Preece v. House*, 848 P.2d 163, 164 (Utah App.) (per curiam), *cert. granted*, 853 P.2d 897 (Utah 1993). Based on this precedent, the State contend-

---

4. Although we decide that the trial court cannot dismiss Renn's petition based on the statute of limitations, we disagree with Renn's contention that the judge hearing Renn's habeas writ violated Utah Code Ann. § 78–35–1 (1992). In pertinent part, that statute provides: "Any judge, whether acting individually or as a member of a court, who wrongfully and willfully refuses to allow a writ of habeas corpus whenever proper application for the same has been made shall forfeit and pay a sum not exceeding $5,000 to the party thereby aggrieved." Because the decision that the statute of limitations was unconstitutional was not known at the time the district court actually dismissed Renn's complaint, we do not consider the judge's refusal to allow the writ to have been wrongful and willful.

ed that although habeas corpus protection extends to proceedings before the Board,[5] the issues raised by Renn fall outside the scope of due process protection which habeas corpus provides for inmates contesting actions of the Board.

■ In *Preece*, this court stated that the scope of appellate review of habeas corpus petitions challenging the Board's decisions "is limited to a review of procedural due process and does not extend authority for judicial review of the 'reasonableness of the parole decision', which is not subject to judicial review under Utah Code Ann. § 77–27–5(3) (Supp.1992)."[6]   *Id.* (citing *Northern v. Barnes*, 825 P.2d 696, 699 (Utah App.1992) (power to reduce or terminate sentences is vested exclusively with Board under section 77–27–5(3)), *cert. granted,* 843 P.2d 1042 (Utah 1992)).

■ Though courts have limited the protection afforded inmates challenging Board decisions to guarantees of procedural due process fairness, a court cannot dismiss a particular petition based upon this limita-

tion without making a threshold determination that the petitioner raised only issues involving substantive matters exclusively within the Board's discretion.

■ Therefore, despite the fact that we agree with the State's general premise that an appellate court may affirm a district court's dismissal of a habeas corpus petition on alternative grounds, we cannot apply that premise here. Our review of this record reveals no discussion relevant to the nature of Renn's challenges. In its Order of Dismissal, the district court noted that Renn objected to the Board's redetermination of his rehearing date, claiming that the Board gave no reasons for the modification of its earlier decision and that the modification lacked consistency and logical reasoning. The district court, however, dismissed the case solely on the basis of the statute of limitations, having had no occasion to determine whether these claims involved procedural due process or substantive discretionary issues. The record, therefore, provides us no reasonable alternative basis

5. The availability of habeas corpus review of the Board's actions is unquestionable because "[i]t is the province of the judiciary to assure that a claim of the denial of due process by an arm of government be heard and, if justified, that it be vindicated." *Foote v. Utah Bd. of Pardons,* 808 P.2d 734, 735 (Utah 1991); *see also Northern v. Barnes,* 825 P.2d 696, 698–99 (Utah App.), *cert. granted,* 843 P.2d 1042 (Utah 1992).

6. Utah Code Ann. § 77–27–5 (Supp.1993) describes the statutory authority of the Board of Pardons. In pertinent part, that statute provides: "Decisions of the Board of Pardons in cases involving paroles, pardons, commutations or terminations of sentence, restitution, or remission of fines or forfeitures are final and are not subject to judicial review. Nothing in this section prevents the obtaining or enforcement of a civil judgment." *Id.* § 77–27–5(3). Utah courts have interpreted this provision as immunizing the Board's decisions from direct appellate review, but allowing for due process challenges of its decisions through habeas corpus actions. *Hatch v. Deland,* 790 P.2d 49, 50–51 (Utah App.1990) (per curiam).

A line of precedent from the Utah Court of Appeals solidified the proposition that even through a habeas corpus action, an appellate court can only review issues concerning procedural due process matters:

(1) Because the Utah parole statute contains no statutory limitations on the Board's discre-

tion to grant or deny parole, it creates no constitutional or inherent right "'to be conditionally released before the expiration of a valid sentence.'"   *Hatch,* 790 P.2d at 51 (quoting *Greenholtz v. Inmates of Neb. Penal & Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979)). The lack of expectation of parole immunizes Board proceedings from due process review to the extent that its decisions are "not subject to judicial review as provided in Utah Code Ann. § 77–27–5(3)." *Id.*

(2) The Board has discretion "in determining a release date within the minimum and maximum sentence already determined by the sentencing judge." *Hall v. Utah Bd. of Pardons,* 806 P.2d 217, 218 (Utah App.1991). The guidelines used by the Board are merely flexible guideposts to assist the Board in exercising its discretion, not laws within the purview of the ex post facto clause. *Id.*

(3) The Board has the discretion under Utah Code Ann. § 76–3–202(5) (1990) "to parole or discharge an inmate at any time." *Northern v. Barnes,* 825 P.2d 696, 699 (Utah App.), *cert. granted,* 843 P.2d 1042 (Utah 1992). Furthermore, the power to reduce or terminate sentences is vested exclusively with the Board under § 77–27–5(3). *Id.* Therefore, matters such as the weight to be afforded factors related to societal risk or restitution fall within the discretion of the Board and "are precisely the kinds of issues that are not subject to judicial review under section 77–27–5(3)." *Id.*

**1382**

by which to uphold the district court's dismissal of Renn's petition.

We consider the decision not to affirm this dismissal especially appropriate because the supreme court has specifically stated that, when considering petitions challenging the Board's decisions, the content of due process needs to be developed case by case. *Foote v. Utah Bd. of Pardons,* 808 P.2d 734, 735 (Utah 1991). "Precisely what due process requires of the board of pardons cannot be determined in the abstract, but must be determined only after the facts concerning the procedures followed by the board are flushed out." *Id.* In the absence of an adequate record, an appellate court cannot "conduct meaningful review of the board's actions or of petitioner's due process claims." *Id.*

### CONCLUSION

The district court erred in its decision to dismiss Renn's petition for habeas corpus relief because it based this decision upon an unconstitutional statute of limitations. Therefore, we remand this case for evaluation of the issues raised by Renn in his petition.

GARFF and ORME, JJ., concur.