**Norman LARSEN, Petitioner and Appellant,**

v.

**Lynn JORGENSEN, Warden, Wasatch Facility Utah State Prison, and Utah Board of Pardons, Respondents and Appellees.**

**No. 910635–CA.**

Court of Appeals of Utah.

Oct. 7, 1993.

Shawn D. Turner, Salt Lake City, for petitioner and appellant.

Jan Graham and Lorenzo K. Miller, Salt Lake City, for respondents and appellees.

Before JACKSON, ORME and GARFF,[1] JJ.

ORME, Judge:

Norman Larsen appeals the district court's dismissal of his petition for a writ

---

1. Senior Judge Regnal W. Garff, sitting by special appointment pursuant to Utah Code Ann.

§ 78–3–24(10) (1992).

of habeas corpus, which dismissal was premised solely on the basis that the petition was barred by the applicable statute of limitations. We reverse and remand.

## FACTS

On July 18, 1990, Larsen pled guilty to three counts of securities fraud and was subsequently sentenced to serve three concurrent 0–3 year sentences at the Utah State Prison. Larsen understood he would be released on probation within three to six months, based upon information contained in an inmate handbook he received from corrections authorities while in prison. On January 18, 1991, however, the parole board set his preliminary release date for eighteen months after his incarceration date.

Larsen made several inquiries of his case worker and others to discover why his actual period of detention was much longer than the period indicated in the inmate handbook. He received no satisfactory answer and attempted to discuss his case with the contract attorneys responsible for providing legal services to inmates. The contract attorneys, however, refused to assist inmates in preparing habeas corpus petitions challenging Board of Pardons actions, pending the district court's decision following the remand ordered in *Foote v. Utah Board of Pardons*, 808 P.2d 734 (Utah 1991).

Larsen's previous defense counsel finally assisted him and filed his petition for a writ of habeas corpus on May 13, 1991, less than four months after the parole hearing. Larsen claimed that the Board of Pardons violated his due process rights by (1) failing to read a favorable statement written by a victim, (2) failing to create a written record of the Board's proceedings, and (3) not using the inmate handbook to determine his incarceration time. He contended that because the Board of Pardons failed to use the inmate handbook guidelines, which are intended to provide uniform punishment for similarly situated convicted felons, it treated him differently than other prisoners who committed crimes of like seriousness and who have similar criminal back-

grounds. The parties presented oral arguments to the trial court and the court issued a memorandum decision dismissing Larsen's petition solely on the basis that the three-month statute of limitation for filing habeas corpus petitions barred his claim. This appeal followed.

Larsen raises several issues on appeal. He contends that (1) Utah's three-month statute of limitation for bringing a habeas corpus petition is unconstitutional, (2) his petition is timely because illegal imprisonment is a continuing wrong, (3) the State violated his procedural and substantive due process rights, and (4) the State denied him equal protection under the law. Besides challenging each of these contentions, the State asserts Larsen's appeal is moot because he has been paroled. Because we need only discuss the determinative issues, this opinion only addresses whether the case is moot and whether Larsen timely filed his petition.

## MOOTNESS

■ The State argues this case is moot because Larsen was paroled on April 14, 1992. This assertion is contrary to state and federal case law. Utah courts have adopted the federal rule that "release on parole does not render a petition for habeas corpus moot because parole 'imposes conditions which significantly confine and restrain [a parolee's] freedom.' " *Northern v. Barnes*, 825 P.2d 696, 698 (Utah App. 1992) (quoting *Jones v. Cunningham*, 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963)). *See also Maleng v. Cook*, 490 U.S. 488, 491, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989) (" 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus").

Among other conditions of his parole, Larsen cannot freely leave Utah, has consented to warrantless searches at any time of the day or night, cannot carry a firearm, and cannot handle securities or investments. The State has therefore significantly restrained his freedom. Those restraints would potentially terminate earlier

if Larsen had been paroled earlier. Consequently, this case is not moot.

## UNCONSTITUTIONALITY OF STATUTE

██ In two cases consolidated under the name *McClellan v. Holden*, 862 P.2d 1357, 1372 (Utah App.1993), this court accepted Larsen's primary argument and held that the three-month statute of limitation for habeas corpus actions, Utah Code Ann. § 78–12–31.1 (1992), is unconstitutional.[2] In *Renn v. Utah State Board of Pardons*, 862 P.2d 1378, 1380 (Utah App.1993), that holding was extended to habeas corpus proceedings growing out of Board of Pardons dispositions.

These precedents fully control our decision in the instant appeal. *See State v.*

*Thurman*, 846 P.2d 1256, 1269 (Utah 1993). Accordingly, we conclude the trial court erred in dismissing Larsen's petition on the ground that it was barred by the statute of limitation.

## CONCLUSION

The judgment is reversed and the case remanded for consideration of Larsen's petition on its merits.

GARFF and JACKSON, JJ., concur.

---

**2.** One judge would have been persuaded by Larsen's alternative argument, namely that his petition was timely because illegal restraint of one's freedom constitutes a continuing wrong. *See*

*McClellan v. Holden*, 862 P.2d 1357, 1377-78 (Utah App.1993) (Orme, J., concurring in the result).